## Petition of Lehigh Paper Mills, Incorporated.

*Road law—Appeal from award of viewers nunc pro tunc.*

The court may exercise discretionary powers in the allowance of an appeal from an award of viewers *nunc pro tunc*, where it appears that the failure to file the appeal within the prescribed time was due to an act of a public official.

· Rule to show cause why award of viewers should not be paid. Q. S. Northampton Co., Feb. Sess., 1922, No. 2.

Orrin Serfass, for rule; Everett Kent and Albert F. Kahn, for respondent.

McKEEN, J., March 10, 1924.—The viewers appointed by the court to view the premises described in the above-mentioned petition, to ascertain and assess damages resulting to the petitioner in consequence of the taking of a strip of land described in said petition, and of the construction of a State highway across said described premises and the destruction of a row of stone buildings, filed their report on Feb. 12, 1923, which report was confirmed by the court nisi.

In said report the viewers awarded the petitioner damages in the sum of $11,000, to be paid by the County of Northampton. On June 18, 1923, upon the petition of the Lehigh Paper Mills, Incorporated, no exceptions having

been filed to the report or award of the viewers, a rule was granted, directed to the Commissioners of Northampton County, to show cause why the amount of the award, together with interest from Feb. 12, 1923, should not be paid to the petitioner. Subsequently, on Aug. 17, 1923, upon the petition of the Commissioners of Northampton County, alleging that an appeal was filed with the Clerk of the Court of Quarter Sessions in said matter on March 1, 1923, etc., a rule was granted, directed to the Lehigh Paper Mills, Incorporated, to show cause why all proceedings in the office of the Clerk of the Court of Quarter Sessions of Northampton County in the above entitled matter should not be certified to the Court of Common Pleas, that an appeal in the above entitled matter be there perfected, and to show cause why all certified proceedings should not be properly received in the Court of Common Pleas of Northampton County, that an appeal may be there perfected in the above entitled matter, and to show cause why an issue should not be framed by the Court of Common Pleas of Northampton County to determine the right of the Lehigh Paper Mills, Incorporated, to damages. Answers were filed to both rules.

Depositions taken in support of the above rules disclose that Everett Kent, counsel for the Commissioners of Northampton County, dictated an appeal to a stenographer employed by the board of county commissioners, which was executed and handed to L. D. Ritter, Clerk of the Court of Quarter Sessions, at his office, by said stenographer at the direction of Mr. Kent. Either counsel or his stenographer inadvertently, instead of designating the caption of the appeal "In the Court of Quarter Sessions," designated same "In the Court of Common Pleas of Northampton County." The Clerk of the Court of Quarter Sessions, according to the testimony of Thomas A. L. Hay, the Prothonotary, handed the appeal to him, which he filed in his office on March 1, 1923. The error of filing the appeal in the Court of Common Pleas by the Clerk of the Court of Quarter Sessions, instead of filing it in his own office, was, no doubt, due to the erroneous designation inadvertently made either by counsel or the stenographer in the caption of the appeal. L. D. Ritter, Clerk of the Court of Quarter Sessions, in his testimony, had no distinct recollection of the transaction as certified to by both the Prothonotary and the stenographer. The law requires that the appeal should be filed in the office of the Clerk of the Court of Quarter Sessions, and a transcript of the record in this office is then certified to the office of the Prothonotary. Under the Act of May 10, 1921, P. L. 428, after the confirmation of the report of viewers *nisi* by the court, the same becomes confirmed absolutely at the expiration of thirty days after the filing thereof, unless in the meantime exception to such report has been filed, or unless an appeal from such report is taken and a demand for a jury trial made before the expiration of said period of thirty days. The appeal, which was prepared by counsel for the county commissioners and given to the Clerk of the Court of Quarter Sessions, was within the prescribed time, and if same had been allowed to remain on file in his own office, it would have prevented an absolute confirmation of the report of the viewers. The rule issued at the instance of the county commissioners is in effect an application to the court for an allowance of an appeal from the award of the board of viewers *nunc pro tunc*. In Wise *v.* Cambridge Springs Borough, 262 Pa. 139, Mr. Chief Justice Brown held: "Where an act of assembly fixes the time within which an act must be done, as, for example, an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as an act of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act *nunc pro tunc*. Where a party has been prevented from appealing by fraud, or by the wrongful or negligent

act of a court official, the court has power to extend the time for taking an appeal; but where no fraud or anything equivalent thereto is shown, such appeals cannot be allowed." The rule laid down in this case indicates that the court is permitted to exercise its discretionary powers in the allowance of an appeal *nunc pro tunc*, where it appears that the failure to file the appeal within the time prescribed by the act is due to an act of omission or neglect on the part of a public official. The Commissioners of Northampton County, through their counsel or stenographer, inadvertently made an error in the caption of the appeal, although the appeal appears to have been handed to the proper official. If the Clerk of the Court of Quarter Sessions had filed the appeal, which was given to him by the stenographer, in his own office, instead of handing it to the Prothonotary, the purposes of the act of assembly relating to appeals would have been complied with, as the clerical error in the caption of the appeal could have been amended. Further, the rights of the Lehigh Paper Mills, Incorporated, will not be prejudiced by permission being given to the county commissioners to perfect an appeal *nunc pro tunc*, as the corporation still has the right to present its claim for damages to a jury.

And now, March 10, 1924, it is ordered, adjudged and decreed that the rule to show cause why the Commissioners of Northampton County should not pay the Lehigh Paper Mills, Incorporated, the amount of the award to the viewers be discharged. It is further ordered, adjudged and decreed that the absolute confirmation of the report of viewers be set aside and the Commissioners of Northampton County be permitted to file their appeal from the award of said viewers as of March 1, 1923, and rule granted to show cause why said appeal should not be perfected, etc., is made absolute.

From Henry D. Maxwell, Easton, Pa.