## Nardicchio v. Abbotts Dairies et al.

*E. Davis*, for plaintiff.

*J. B. Hannum*, for defendants.

HAGAN, J., October 30, 1953.—Claimant has appealed to this court from the action of the Pennsylvania Workmen's Compensation Board quashing an appeal taken by claimant from a decision of a workmen's compensation referee denying compensation benefits to claimant.

On December 12, 1949, claimant filed a claim petition for benefits under the provisions of The Workmen's Compensation Act, alleging that he had sustained an injury on June 6, 1949, while in the course of his employment with defendant. Hearings were held by the referee, and on October 15, 1952, the referee filed his report, in which he concluded that claimant was not entitled to compensation benefits because he had failed to prove that his disability resulted from an

accident sustained in the course of his employment by defendant.

On November 21, 1952, an appeal was taken by claimant to the Workmen's Compensation Board from the decision of the referee, and thereafter defendant filed a motion to quash the appeal, alleging that it had not been filed within the 20-day limit prescribed by The Workmen's Compensation Act.

Claimant filed an answer to the motion to quash, in which he alleged the following facts: That an appeal from the referee's decision had been executed by claimant at the office of his attorney on October 30, 1952; that a letter of transmittal had also been prepared by the attorney on the same date; that the letter of transmittal and the executed appeal had been enclosed in an envelope addressed to the Workmen's Compensation Board, Harrisburg, Pa., and delivered on October 30, 1952, by claimant's attorney to one Nola M. Castellano, the secretary of claimant's attorney, with instructions to her that it be sent by registered mail; that the secretary, instead of causing the letter to be sent by registered mail, gave it to her husband on the evening of October 30, 1952, with the request that he dispatch it by registered mail the following day, October 31, 1952; that the secretary's husband placed the envelope in the sun visor of his automobile and forgot about it until November 20, 1952, when he discovered it in his automobile, and that he caused the envelope to be sent by registered mail on November 21, 1952. Affidavits of claimant's attorney, the secretary of the attorney, and the husband of the secretary, averring the foregoing facts, were attached to claimant's answer to defendant's motion to quash the appeal.

On April 29, 1953, the Workmen's Compensation Board quashed claimant's appeal and filed an opinion in which it held that it was without power to hear claimant's appeal after the 20-day limit imposed by section 423 of The Workmen's Compensation Act of

June 2, 1915, P. L. 736, as amended, 77 PS §853, which was quoted in the opinion as follows:

"Any party in interest may, within twenty days after notice of a referee's award or disallowance of compensation shall have been served upon him, take an appeal to the Board. . . ."

The opinion of the board then quotes the following language of the Supreme Court in the case of Wise v. Cambridge Springs Borough, 262 Pa. 139:

"Where an act of Assembly fixes the time within which an act must be done, as for example an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc."

In considering the appeal of claimant from the decision of the board, this court is not called upon to pass upon the merits of claimant's case. The only issue before us is the propriety of the board's action in refusing to hear claimant's case on appeal from the decision of the referee because of the board's finding that it was without power to do so under the circumstances.

Section 423 of The Workmen's Compensation Act, the first portion of which the board quoted in its opinion, as set forth above, concludes as follows:

"The board may, upon cause shown, extend the time provided in this article for taking such appeal or for the filing of an answer or other pleading."

It is interesting to note that this portion was added to the act in 1919, one year after the Wise case was decided. It may well be inferred that the legislature made this addition to ameliorate the hardship which might be created by that decision.

Whether the words "cause shown", as employed in the act, are more comprehensive than the words "something more", required by the Wise case, however, need not be decided, because the undenied facts set forth in

claimant's answer to defendants' motion to quash are sufficient to comply with either standard.

We must take judicial notice of the fact that in the operation of a modern law office a lawyer necessarily must rely upon his secretary for the performance of such customary routine office practice as registering and mailing letters. In the instant case claimant's attorney had a right to assume that his secretary would carry out his instructions and forward claimant's appeal by registered mail to the Workmen's Compensation Board and, under the circumstances here disclosed, the fact that the appeal did not reach the board until after the 20-day limit for filing an appeal cannot be charged to the negligence of claimant or his attorney.

It is clear that statutory limitations of time for filing appeals must be strictly observed; otherwise, there would be no final determination of litigation. Thus, if the attorney for claimant had done nothing to perfect the appeal of his client within the 20-day limit imposed by the act, then, notwithstanding the harsh consequences that would be suffered by his client by such negligence, the board would have been powerless to entertain an appeal filed after the statutory limit; but here, well within the statutory limit, an appeal had been prepared and executed, and the appeal, with a letter of transmittal to the board, had been enclosed in an envelope properly addressed to the board at Harrisburg and delivered by claimant's counsel to his secretary with instructions for mailing, and all that remained to be done to perfect the appeal was the routine act of mailing by the secretary.

If the allowance by the board of claimant's appeal after the 20-day limit would result in prejudicing any of the rights of defendant, the board would probably be without power to allow the appeal, regardless of the consequences to claimant. However, defendant

does not contend that any of its rights would be prejudiced by the action of the board in allowing the appeal after the expiration of the statutory time limit.

We, therefore, hold that the undenied facts set forth in claimant's answer to defendant's motion to quash the appeal constituted a legal and proper basis for permitting claimant to file his appeal with the board after the expiration of the statutory limit imposed by section 423 of The Workmen's Compensation Act, and that the board abused its discretion in refusing to allow the appeal to be filed.

The case is remanded to the Workmen's Compensation Board for a hearing upon the merits.