# Ward, Appellant, *v.* Letzkus.

[Marked to be reported.]

*Appeal from justice of peace—Act May 18, 1871—Filing transcript nunc pro tunc—Neglect of counsel.*

Where an appeal has been taken from the judgment of a justice of the peace in Allegheny county within the time required by the act of May 18, 1871, P. L. 938, but, through the forgetfulness of counsel, the transcript was not filed in the court of common pleas, until after an intervening return day had passed, the court has no jurisdiction to permit the appeal to be filed nunc pro tunc.

In such a case counsel was the mere agent of his client, and the neglect of the one was the neglect of the other.

Submitted Oct. 28, 1892. Appeal, No. 74, Oct. T., 1892, by plaintiff, M. S. Ward & Co., from order of C. P. No. 3, Allegheny Co., Aug. T., 1891, No. 236, permitting an appeal from a justice of the peace to be filed nunc pro tunc. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Appeal from justice of peace.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were, order of court (1) granting and (2) making absolute rule to show cause why defendant should not be permitted to file transcript nunc pro tunc, quoting orders.

The case was submitted without oral argument.

*Clarence Burleigh* and *John R. Harbison,* for appellant, cited, in their printed brief, Mountney v. McFarland, 7 Phila. 392; Houk v. Knop, 2 Watts, 72; Bradley v. Ritchie, 6 Montg. Co. R. 36.

No brief was filed contra.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 3, 1893 :

The appellant, having taken his appeal from the judgment of the justice of the peace within the time required by law, neglected to file the transcript in the court of common pleas until after an intervening return day had passed. The only reason given for this neglect was the forgetfulness of his attorney. Upon the application of the appellant the court below granted a rule to show cause why the appeal should not be filed nunc

pro tunc, and several months after the return day had passed
made the rule absolute.    This is the error complained of.

We are not advised as to the ground upon which the court
below made this ruling.    The act of May 18, 1871, P. L. 938,
provides that all appeals from the judgment of justices of the
peace in the county of Allegheny shall be filed in the court of
common pleas on or before the monthly return day in said
court next ensuing.    This is the command of the act of assem-
bly, and without saying that under no circumstances could the
court of common pleas allow an appeal nunc pro tunc, we are
quite sure it should not have been done in this case.    No rea-
son is given beyond the neglect of counsel.    The counsel was
the mere agent of the client, Houk v. Knop, 2 Watts, 72, and
the neglect of the one was the neglect of the other.

The order of the court below allowing the defendant to en-
ter his appeal nunc pro tunc is

Reversed and set aside.