## Belmont Stamping & Enameling Co. v. Edelson, Appellant.

*Justice of the peace—Appeals—Time.*

Where a judgment of a justice of the peace was entered on January 28th, and the defendant on February 17th appeals, gives bail, and files the justice's transcript in the prothonotary's office, the appeal is taken in time, and it is immaterial that the first day of the term of Common Pleas (February 16th) had intervened, or that the defendant had taken another appeal on February 12th,

gave bail but did not receive the transcript·from the justice until February 16th, the first day of·the next term, too late in the day to file it.

· Argued Nov. 9, 1915.   Appeal, No. 32, Oct. T., 1915, by defendant, from order of C. P. Lancaster Co., March T., 1914, No. 38, striking off appeal in case of Belmont Stamping and Enameling Co. v. Harry Edelson.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEP-HART and TREXLER, JJ.   Reversed.

Rule to strike off appeal.   Before LANDIS, P. J.

The plaintiff in its petition for the rule averred as follows:

That said company obtained judgment against Harry Edelson before W. S. Doebler, Alderman, on Jan. 28, 1914, for $60.53.   That on February 12, 1914, defendant appealed and same day obtained a transcript of the proceedings from the alderman, but that he omitted to file the same in the Court of Common Pleas of Lancaster County on or before February 16, 1914, which was the return day of the next term.

That on February 17, 1914, defendant took a second appeal in same case and entered bail absolute for debt, interest and costs, but secured no transcript of the proceedings in the case.

That on same day, February 17, 1914, he filed both of said appeals and the transcript dated February 12, 1914, in the Court of Common Pleas of Lancaster County to March Term, 1914, No. 38.

The court made an order striking off the appeal.

*Error assigned* was the order of the court.

*B. F. Davis,* for appellant.—The second appeal was taken in time, and, when that was taken, no appeal was filed in the court below.   The court below had no jurisdiction over the case until the appeal was filed as it then

remained in the breast of the alderman: Wilcox v. Fowler, 2 Chester Co. 497; Cummings v. Forsman, 6 Pa. 194; Murphy v. Roberts, 1 W. N. C. 232; Long v. McCormick, 1 W. N. C. 134; Gehring v. Lambert, 1 Leg. Gaz. 85.

*Frank S. Groff,* with him *W. F. Beyer,* for appellee, cited: Talbert v. Williams, 1 Brown 160; Moore v. Creamer, 3 P. & W. 416; Olmstead v. Rittel, 9 Kulp 178.

PER CURIAM, July 18, 1916:

The justice of the peace entered judgment against the defendant on January 28, 1914, and on February 17th, the latter appealed, gave bail and filed the justice's transcript in the prothonotary's office. Notwithstanding the first day of the term of Common Pleas (February 16th) had intervened, yet as the appeal was taken and bail entered after that date and within twenty days after judgment, it was in due time. Act of March 20, 1810, Sec. 4, 5 Sm. L. 164; Moore v. Creamer, 3 P. & W. 416. Was the appeal invalid because of the fact that on February 12th, the defendant appealed and gave bail, but did not receive the transcript from the justice until February 16th, the first day of the next term, too late in the day to file it? This question, in our judgment, is answered in the negative by the decision in Potts v. Staeger, 12 Pa. 363. The case is in every material respect like the present, except that there the appellant withdrew the bail entered on the first appeal. But this is not sufficient to distinguish the cases; the entry of the appeal on February 17th and giving new bail as effectually superseded the former as if the defendant had withdrawn it. Moreover, the decision was not put upon the ground of the withdrawal of the bail first entered, but upon the ground that the first appeal was ineffectual, and as was said in Moore v. Creamer, supra, the appellant has the whole period of twenty days, if he will, to take an appeal and to perfect it, in the doing of which he is not to be hurried by the approach of the

term.   That this was the ground of the decision in Potts v. Staeger appears by the following excerpt from the opinion of the court: "But in the case in hand the first appeal, as it is called, is incomplete.   There is an attempt to appeal, it is true, but the attempt was abortive. That there is no appeal, or at any rate a defective appeal, is shown in the case of Moore v. Creamer, 3 P. & W. 416. It is not, as the defendant in error supposes, the withdrawal of an appeal, for there was no appeal to withdraw.   All the defendant had done was to enter his appeal, or, in other words, to manifest his intention to appeal and to enter bond.   No further steps were taken. The proceedings remained, as before, with the justice. We cannot perceive what interest the plaintiff had in it, so as to require his consent.   His interest can only accrue where the appeal is entered as required by the act, or where he may be delayed or injured by the entry of a defective appeal.   Here the plaintiff has nothing to complain of, as the appeal which is afterwards perfected, is filed within the twenty days prescribed by the act."   All this can be said with equal appropriateness in the present case, and the conclusion to which it leads, is not affected by the immaterial circumstances that the papers in both appeals were attached by the justice to his transcript which was filed after the second appeal was taken. Upon the face of this record there were not two appeals but only one valid appeal—the one taken on February 17th; therefore there was error in striking it off.

The order is reversed and the appeal taken and filed on February 17, 1914, is reinstated.