## American Travel and Hotel Directory *v.* Culm-Burn Equipment Company, Inc., Appellant.

*Practice, Municipal Court—Appeals—Return day—Transcript—Filing.*

An appeal from a judgment of a magistrate is properly stricken off, where the appellant has failed to file a transcript before the monthly return day, subsequent to the taking of the appeal.

AMERICAN T. & H. DIR. *v.* CULM-BURN E. CO. 265

264, (1923).] Statement of Facts—Opinion of the Court.

Argued October 10, 1923. Appeal, No. 212, Oct. T., 1923, by defendant, from judgment of Municipal Court of Philadelphia, May T., 1923, No. 235, striking off an appeal from judgment of a magistrate in the case of American Travel and Hotel Directory v. Culm-Burn Equipment Company, Inc. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to show cause why an appeal from judgment of magistrate should not be stricken off. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule to strike off the appeal. Defendant appealed.

*Error assigned* was the decree of the court.

*Charles H. Pile,* for appellant, cited: Lengerfield v. George, 10 Phila. 80; Hartranft v. Clarke, 12 Phila. 487.

*Joseph Sternberger,* for appellee.

OPINION BY HENDERSON, J., December 10, 1923:

The appellant complains of the action of the court below in striking off an appeal taken from the judgment of a magistrate in Philadelphia. The judgment was entered April 27, 1923. On the second day of May following the defendant appealed and gave bail as required by law. The transcript was filed in the municipal court May 11, 1923. The first return day for the filing of appeals after the appeal was taken was Monday, May 7th. The basis of the action of the court was the omission of the defendant to file his transcript on or before the latter date.

It is provided in the Act of April 27, 1923, that all proceedings in civil cases before magistrates that are

sought to be reviewed by appeal shall be taken only to the municipal court instead of to the common pleas court, and that, save as aforesaid, such review shall be had in the same manner and subject to the same restrictions as provided by existing laws. Section 2 of the Act of May 1, 1861, P. L. 535, provides that all appeals from aldermen should be filed in the Court of Common Pleas of the City and County of Philadelphia on or before the next monthly return day. It follows, as a result of this legislation, that an appeal to the municipal court from the judgment of a magistrate must be filed on or before the monthly return day next succeeding the date of the appeal. The legislation referred to did not change the time within which an appeal might be taken, but fixed the time within which the transcript of an appeal should be filed in the appellate court after the appeal was taken.

It is stated in the appellant's brief that the appeal was perfected on May 10, 1923, but there is nothing in the record to sustain that view of the case. The transcript on file shows that the appeal was completed, so far as the procedure before the magistrate is concerned, on May 2d. There is no controversy in regard to the date of the next monthly return day, and it was the duty of the appellant to file the transcript not later than that day if he would make his appeal effective. The case is not to be confused with one in which the defendant took an appeal after the first return day from the rendition of the judgment but within the time allowed by statute for an appeal. In that case the transcript would be filed to the first return day after the appeal was taken. The appellant's difficulty is that, having taken an appeal, he did not comply with the statute which fixed the time within which the transcript must be filed in the proper court.

The judgment is affirmed.