Marat v. Eldridge, Appellant.

Argued March 24, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Raymond J. Porreca,* for appellant.

*James Dessen,* for appellee.

PER CURIAM, April 12, 1949:

Appellee in this case had instituted an action for possession of a second-floor apartment, previously demised to appellant pursuant to the terms of a written lease, in a magistrate's court and obtained judgment on August 24, 1948. Appellant took an appeal and posted bail on September 3, 1948, but did not file the transcript with the clerk of the Municipal Court until September 8, 1948. Appellee obtained a rule to show cause why the

appeal should not be stricken off for the reason that the transcript was filed too late, which the court below made absolute. From this order, appellant has appealed to this Court.

Section 18 of the Act of May 10, 1927, P. L. 866, 42 PS § 1058, which establishes magistrates' courts in the City of Philadelphia, provides that they shall have all the powers, and shall exercise the same jurisdiction (except as otherwise provided) as was formerly by law exercised by aldermen, and shall be liable to the same limitations that were formerly imposed upon aldermen. The effect of this is to render appeals from a magistrate's judgment subject to the same law applicable to justices of the peace and aldermen. *Adelman v. John McShain, Inc.,* 148 Pa. Superior Ct. 138, 140, 24 A. 2d 703. Section 2 of the Act of May 1, 1861, P. L. 535, 42 PS § 926, provides that all appeals from aldermen shall be filed in the Court of Common Pleas of the City and County of Philadelphia "on or before the monthly return day in said court next ensuing the date of the entry of the judgment before the alderman, instead of to the first day of the next term, as heretofore." In *American Travel and Hotel Directory v. Culm-Burn Equipment Company, Inc.,* 82 Pa. Superior Ct. 264, we held that this legislation did not change the time within which an appeal may be taken, but fixed the time within which the transcript of the appeal should be filed after the appeal has been taken. Where the appeal has been taken within the proper time limit, but counsel has neglected to file the transcript until after the monthly return day has passed, the court will not allow an appeal nunc pro tunc. *Ward v. Letzkus,* 152 Pa. 318, 25 A. 778; *American Travel and Hotel Directory v. Culm-Burn Equipment Company, Inc.,* supra. The rule has not been changed by the Act of April 27, 1923, P. L. 107, 17 PS § 693 note, providing that all appeals in civil cases before magistrates shall be taken to the Municipal

Court. *American Travel and Hotel Directory v. Culm-Burn Equipment Company, Inc.,* supra. Section 1, Act of May 18, 1933, P. L. 809, 17 PS § 702, provides that all proceedings in civil cases before magistrates that are sought to be reviewed by appeal may be brought or instituted in the Municipal Court; and section 2 of the Act, 17 PS § 703, provides that all transcripts of judgments entered in civil suits by magistrates shall be filed only in the Municipal Court and not in the court of common pleas.

In the present case, the monthly return day next following the taking of the appeal was September 6, 1948. Appellant contends that, in as much as this date fell upon Labor Day, a holiday, she was entitled to file the transcript on or before the next following return day. There is no merit in this contention. A closely analogous situation was presented in *Patterson v. Gallitzin Building & Loan Ass'n,* 23 Pa. Superior Ct. 54, where the twentieth, or last day for taking an appeal from the judgment of a justice of the peace, fell upon Labor Day. We there held that this circumstance did not have any effect in extending the time for taking an appeal; and it does not appear that there is any basis for reaching a different conclusion in the present case.

Appeal is dismissed.