## Commonwealth v. Eckman

*Randolph C. Ryder,* Deputy Attorney General, and *Grant W. Nitrauer,* for Commonwealth.

*James T. Kitson,* for petitioner.

DAVIS, P. J., March 14, 1951.—This matter comes before the court on petition and rule to show cause why petitioner, Samuel Eckman, should not be al-

lowed to appeal nunc pro tunc from a suspension of his operator's license by the Secretary of Revenue. The Commonwealth demurred to the petition. Therefore, for the purpose of this opinion we will consider the averments of the petition as true and find the following facts:

1. In April 1948 Samuel Eckman was the owner of a Reo tractor and Supercargo trailer which were leased to Liberty Motor Freight Lines, Inc., Secaucus, N. J.

2. About December 30, 1949, petitioner received a copy of summons and complaint from the Director of Division of Motor Vehicles of the State of New Jersey indicating a civil action had been commenced against him by Earl Brown et al. in the Superior Court of New Jersey.

3. The complaint alleged that on or about April 11, 1948, Samuel Eckman was the owner and operator of a motor vehicle which was then being negligently driven by him on Route 27 in Menlo Park, Township of Raritan, N. J., which struck the automobile of plaintiff and caused personal injuries to Earl Brown et al.

4. Petitioner did not defend the aforesaid suit because he was financially unable to go to New Jersey and hire a lawyer for the purpose of defending the action.

5. By notice dated September 13, 1950, the Director of Motor Vehicles for the State of New Jersey suspended petitioner's reciprocity privilege because he failed to satisfy a judgment rendered against him in the Superior Court in favor of Earl Brown et al.

6. As of October 17, 1950, the Secretary of Revenue of the Commonwealth of Pennsylvania suspended petitioner's operating privilege assigning the following reason:

"Failure to satisfy judgment awarded by the Court of State of New Jersey and file proof of financial re-

sponsibility. Section 11 of Act 387 approved May 12, 1949."

7. Petitioner was advised by his insurance agent that he could have his operator's license restored by obtaining proper liability insurance for which application was made.

8. In the first part of December 1950 petitioner was advised by his insurance agent that his license could not be restored unless the judgment entered in New Jersey was satisfied.

9. Petitioner avers that he was not the operator of any motor vehicle on or about April 11, 1948, causing injury to Earl Brown et al., nor has he any knowledge concerning same.

10. Petitioner on information and belief avers that Liberty Motor Freight Lines, Inc., carried public liability and property damage insurance upon the aforesaid tractor and trailer protecting the owner and anyone else who would legally operate the same.

The Act of May 12, 1949, P. L. 1298, sec. 14, 75 PS §1273(a), governing right to appeal from suspension of operating privilege provides as follows:

"Any person whose motor vehicle registration, operator's license, or learner's permit has been suspended or revoked . . . shall have the right to file a petition, within thirty (30) days thereafter, for a hearing de novo in the matter in the court of common pleas of the county in which the operator or permitee resides, . . . and such court is hereby vested with jurisdiction, and it shall be its duty to set the matter down for a hearing upon thirty (30) days' written notice to the Secretary . . ."

The Commonwealth contends that since the appeal was not taken within the prescribed time the court is without jurisdiction and has no discretion to allow the appeal. We believe this proposition is too broad. A long line of cases hold that appeals nunc pro tunc may

be allowed when a satisfactory explanation for the delay is given.

" 'The Court has inherent and well established power . . . to entertain an appeal or petition nunc pro tunc' ": Pottsville Referendum Case, 363 Pa. 460, 468.

What constitutes a satisfactory explanation for delay is set forth in the leading case of Nixon v. Nixon, 329 Pa. 256, in a lucid opinion by Chief Justice Kephart, cited and followed in Koch Election Contest Case, 351 Pa. 544, 548; Pottsville Referendum Case, supra; Commonwealth v. Monaghan, 162 Pa. Superior Ct. 530, 532; Commonwealth v. Keul, 163 Pa. Superior Ct. 550, 552, and many other cases.

"But, as this Court has indicated, the legislative purpose is not to foreclose a party who satisfactorily explains his delay. However, the occasion must be extraordinary and must involve fraud or some breakdown in the court's operation through a default of its officers, whereby the party has been injured. There can be no extension of time as a matter of indulgence: Schrenkeisen v. Kishbaugh, 162 Pa. 45, 48. Such excuses as a client's illness (Marcus v. Cohen, supra), or neglect of an attorney (Ward v. Letzkus, 152 Pa. 318; Wise v. Cambridge Springs Borough, supra, at p. 144) are insufficient. Fraud, on the other hand (Zeigler's Petition, 207 Pa. 131; York County v. Thompson, 212 Pa. 561) or its equivalent, 'the wrongful or negligent act of a court official' (Singer v. Del., L. & W. R. R. Co., 254 Pa. 502, 505) may be a proper reason for holding that, as to the injured person, the statutory period does not run and that the wrong may be corrected by means of a petition filed nunc pro tunc within a reasonable time. As was stated in Horn v. Lehigh Valley R. R. Co., 274 Pa. 42, 44, in reference to a statute limiting claims for workmen's compensation: 'While the governing sections are mandatory, . . . we have held, where a party has been prevented from doing an act

through fraud or circumstances that amount to fraud, the court might extend the time within which to do the act: . . .' And, in Schwartz Bros. v. Adams Express Co., 75 Pa. Super. Ct. 402, 403, it was said: 'Where a party has been prevented from appealing by fraud or by the ignorant or negligent act of a court official, it has been held that the court has power to extend the time for taking an appeal.' Numerous cases involving appeals from justices of the peace have held that, if the delay in appealing is due to some act or omission of the justices themselves, an appeal may be allowed nunc pro tunc, provided it is prosecuted within a reasonable time": Nixon v. Nixon, supra.

Petitioner does not allege fraud. He does not allege that he was misled or prevented from taking an appeal within the time allowed by law because of the negligent or wrongful act of any official connected with the tribunal that suspended his operating privilege. At best his excuses are his own ignorance and his reliance upon his insurance broker. It is unfortunate that he elected to rely upon an insurance broker instead of consulting counsel as he apparently did when it was too late, but the court is powerless to grant relief. The court does not have the power to allow an appeal nunc pro tunc as a matter of indulgence or to prevent hardship: Powell v. Sonntag, 159 Pa. Superior Ct. 354, 357.

Since the reasons alleged were not sufficient to warrant the court in granting relief if application had been made promptly after the statutory period had expired, it is not necessary to discuss the question as to whether or not this application was made within a reasonable time.

And now, March 14, 1951, the rule granted to show cause why an appeal should not be allowed nunc pro tunc is dismissed. Costs to be paid by petitioner.