## Southwest Philadelphia Plumbing Supply *v.* Catanzaro.

210

Argued March 20, 1956. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (RHODES, P. J., absent).

*Pershing N. Calabro,* for appellant.

*Maurice J. Friedman,* for appellee.

OPINION BY GUNTHER, J., July 17, 1956:

This is an appeal from the granting of a motion to strike off an appeal from a magistrate's judgment and from the discharge of a petition for leave to file an appeal nunc pro tunc.

The judgment of the magistrate was entered July 19, 1955. On July 27, 1955 defendant appealed. The transcript was filed in the Municipal Court August 2, 1955. The first return day for the filing of appeals after the judgment was taken was August 1, 1955.

The basis of the court's action in granting the motion to strike off was the omission by the defendant to file his transcript on or before August 1, 1955.

The Act of May 18, 1933, P. L. 809, Section 2; 17 P.S. 703 provides that transcripts of judgments of magistrates shall be filed in the Municipal Court of Philadelphia. The act gave magistrates' courts in the City of Philadelphia all powers and the same jurisdiction formerly exercised by aldermen and justices of the peace and rendered appeals from magistrates subject to the same law.

Section 2 of the Act of May 1, 1861, P. L. 535, 42 P.S., Section 926 provides that all appeals from aldermen shall be filed in the Court of Common Pleas of the City and County of Philadelphia on or before the next monthly return day. This legislation fixed the time within which the transcript of an appeal must be filed in the court after the appeal is taken, and under our Appellate Courts' decisions an appeal to the Municipal Court from the judgment of a magistrate must be filed on or before the monthly return day next succeeding the date of the appeal. In the *American Travel and Hotel Directory v. Culm-Burn Equipment Company, Inc.,* 82 Pa. Superior Ct. 264, an appeal had been taken within the proper time limit but counsel had neglected to file the transcript until after the monthly return day had passed. The action of the court below in striking off the appeal was affirmed. In *Ward v. Letzkus,* 152 Pa. 318, 25 A. 778, an appeal was filed after an intervening return day had passed and the lower court granted leave to file appeal nunc pro tunc. In reversing the lower court the Supreme Court decided that appeals from magistrates must be filed on or before the monthly return day and that the court had no jurisdiction to permit the appeal to be filed nunc pro tunc. In *Marat v. Eldridge,* 164 Pa. Superior Ct. 442, 65 A. 2d 447, this Court affirmed the Municipal Court in an action striking off an appeal from a magis-

trate where the monthly return day fell on Labor Day and the appeal was filed thereafter. The fact that the monthly return day fell on a legal holiday did not extend the time for taking the appeal. The failure of compliance was fatal to the appeal.

The other question raised is whether the lower court erred in discharging the petition to file an appeal nunc pro tunc.

Appellant's reason assigned in the petition for leave to file an appeal nunc pro tunc is as follows:

"The appeal was not filed because of an oversight of counsel and because it was felt that the decisions allowed at least twenty days after the taking of the appeal to file the transcript, and that an intervening return day would not bar filing a transcript within twenty (20) days from the date the appeal was taken."

There are some decisions where the lower courts were affirmed in allowing an appeal nunc pro tunc, but those are exceptional cases which emphatically point out unusual circumstances as a basis for filing appeals after the date made mandatory by an act of Assembly. In *Guy v. Stoecklein Baking Company,* 133 Pa. Superior Ct. 38, 1 A. 2d 839, this Court extended the time when a party had been prevented from filing the appeal by fraud. An appeal nunc pro tunc was also allowed in cases of wrongful or negligent acts of court officials. See *Zeigler's Petition,* 207 Pa. 131, 56 A. 419; *York County v. Thompson,* 212 Pa. 561, 61 A. 1024. Our Appellate Courts have consistently held that the occasion must be extraordinary and must involve fraud or a court's operation whereby the party has suffered injustice.

The reason set forth in the instant case does not fall within the category of the cases cited by Appellant nor do we find anything in the record which would

justify the court below to allow an appeal nunc pro tunc.

Order affirmed.

---

DISSENTING OPINION BY WRIGHT, J.:

It is my view that the rule for leave to file the appeal nunc pro tunc should have been made absolute. Upon this record the result arrived at by the majority is entirely too harsh. "The law favors the right of appeal. It involves the right of trial by jury": *Womelsdorf v. Heifner,* 104 Pa. 1. And see *Sturtz v. Counonie,* 53 D. & C. 423. In *Ward v. Letzkus,* 152 Pa. 318, 25 A. 778, the Supreme Court did *not* state that the court below had no jurisdiction to permit the appeal to be filed nunc pro tunc. On the contrary Mr. Chief Justice PAXSON said (italics supplied): "This is the command of the act of assembly, *and without saying that under no circumstances could the court of common pleas allow an appeal nunc pro tunc,* we are quite sure it should not have been done in this case".

The facts in the case at bar are that judgment was entered by the magistrate on July 19. The appeal was taken on July 27. It was not filed in the Municipal Court until August 2. However, the time during which an appeal might have been taken did not expire until August 8. Apparently the majority does not attach any significance to this controlling circumstance. An appellant has twenty days in which to take his appeal and the fact that a monthly return day intervenes is immaterial: *Long v. McCormick,* 1 W.N.C. 134. As of August 8, the appellant could still have withdrawn his original appeal and filed a second appeal. See *Belmont Stamping & Enameling Co. v. Edelson,* 63 Pa. Superior Ct. 325. Instead of doing so he did, on Au-

gust 8, present a petition to allow the filing of the first appeal nunc pro tunc in a commendable effort to avoid procedural confusion.[1]

It should be the purpose of the law to promote justice, not to entrap it in technicalities. I believe that appellant acted reasonably in making a timely request that the first appeal be filed nunc pro tunc rather than to withdraw the first appeal and file a second appeal. To hold otherwise, especially since appellee has been in no way prejudiced, is highly technical and effects a miscarriage of justice.

---

[1] The majority opinion sets forth only paragraph 6 of the petition. Paragraph 7 reads as follows: "Because of possible confusion existing in the cases and among lawyers in this County and because it would merely make for more procedural confusion for the defendant to withdraw his appeal and file a second appeal within the original twenty (20) days, this petition is filed to allow the filing of the first appeal nunc pro tunc, thereby obviating all procedural or substantive confusion relating to the time for filing transcript".