## Paparo v. Macrina

*Nino V. Tinari*, for petitioner.
*Peter A. DeLiberty*, contra.

BOLGER, *J*., July 22, 1974—This case was heard before a panel of arbitrators on August 13, 1973. The arbitrators awarded the sum of $959. to plaintiff. The report and award of the arbitrators was docketed by the prothonotary on August 16, 1973.

On September 14, 1973, counsel for defendants sought leave of the court administrator, the Honorable Stanley M. Greenberg, to file an appeal from the award nunc pro tunc to the court of common

pleas. Counsel pleaded secretarial error as the reason why the appeal had not been filed in a timely manner under section 27 (IV) of the Act of June 16, 1836, P.L. 715, as amended 5 PS §71 (IV). Judge Greenberg ordered the prothonotary to accept defendants' appeal without prejudice to the right of plaintiff to move to strike it. The appeal was filed on September 26, 1973.

On motion of plaintiff, this court entered a rule upon defendants to show cause why their appeal from the award of the arbitrators should not be stricken and, why plaintiff should not be allowed to enter judgment upon the said award. Defendants filed an answer to plaintiff's motion. Argument on the motion was heard on January 23, 1974. The rule was made absolute on January 23, 1974. Judgment was entered against defendants on February 26, 1974. Defendants have appealed from the said judgment.

In their answer to plaintiff's motion, the defendants alleged that they had a good and absolute defense to plaintiff's claim which defense they would be precluded from presenting if plaintiff's motion was granted. They asserted they had a right to their day in court and that it would be a grave injustice to deprive them of this right due to a mere oversight.

Ringing declarations of a fundamental right to a day in court have a strong equitable appeal. However, they cannot be allowed to distract this court from its duty to look to the decisions of the appellate courts of this Commonwealth for guidance in disposing of plaintiff's motion in this case. Those decisions make it clear that there is no broad discretion in this court to grant defendants their day in court. Rather, it is the law of Pennsylvania that this court can deny plaintiff's motion only if defendants have been prevented from appealing by fraud or by the

wrongful or negligent act of a court official. "The mistake or neglect of the attorney for the party desiring to appeal is not sufficient ground for relief: Ward v. Letzkus, 152 Pa. 318, 319." Wise v. Cambridge Springs Borough, 262 Pa. 139, 144 (1918). The Superior Court applied the principles of Wise and Ward, supra, to appeals such as the one at bar in the case of Klugman v. Gimbel Brothers, Inc., 198 Pa. Superior Ct. 268 (1962). Klugman is still the controlling decision on this subject. Gould v. Lampley, 225 Pa. Superior Ct. 107, 110 (1973).

Once again, defendants plead secretarial error, a mere oversight, and ask this court to deny plaintiff's motion. There is no suggestion that fraud or the wrongful or negligent act of a court official prevented defendants from filing their appeal in a timely fashion. In light of the decisions of the Supreme Court and the Superior Court which have been cited above, this court has no choice but to grant plaintiff's motion and make the rule absolute. Defendants' appeal is stricken. Plaintiff is granted leave of this court to enter judgment upon the award of the arbitrators which was docketed on August 16, 1973.