Eileen Pennock,  :
              Appellant  :
                  :
       v.  :
                  :   No. 675 C.D. 2021
Kennett Consolidated School District  :   Submitted: March 7, 2022

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: April 1, 2022

Eileen Pennock (Pennock) appeals from a judgment entered following a jury verdict in the Court of Common Pleas of Chester County (trial court).[1] Pennock challenges various evidentiary rulings by the trial court and asks this Court to grant her a new trial. Upon review, we affirm the trial court's judgment.

## I. Background

In June 2015, Pennock, with her husband, was attending her stepdaughter's high school graduation from Kennett Consolidated School District (District). Br. of Plaintiff/Appellant at 5. While making their way from the parking lot to the guest seating, Pennock and her husband walked across a grassy area.

---

[1] Pennock initially filed her appeal in the Superior Court, which transferred the case to this Court. Reproduced Record (R.R.) at 2016a.

Reproduced Record (R.R.) at 1993a. Pennock, who was wearing backless slip-on sandals, tripped and fell, sustaining severe breaks to her ankle. *Id.* at 2003a; Br. of Plaintiff/Appellant at 6. Her husband returned to the site a month later, at which time he located and photographed a hole or depression in the grass, which Pennock alleged was the cause of her fall. R.R. at 1546a-47a.

Pennock asserted a negligence claim against the District, which the trial court concisely described as follows:

> [Pennock's] theory of the case was that [the District's] parking lot was negligently designed and constructed which caused stormwater to course off it down a negligently graded grassy slope which caused erosion which caused a hole (which was negligently undiscovered by [the District] or negligently repaired by [the District]) which was concealed by negligently maintained turf in an area where unsuspecting pedestrians were negligently allowed to walk without reasonable warning.

R.R. at 1993a. In September 2020, a jury trial was held in the trial court. The verdict form contained a series of questions, the first of which asked whether the District was negligent. *See id.* at 1897a-99a & 1905a. The jury answered that question in the negative, thus ending the case, and therefore did not reach any subsequent questions concerning Pennock's possible contributory negligence. *Id.*

Pennock filed a timely post-trial motion challenging a number of the trial court's evidentiary rulings and seeking a new trial. R.R. at 1910a-15a. The trial court denied the post-trial motion, and this appeal followed.

2

## II. Issues

On appeal,[2] Pennock reasserts her challenges to five of the trial court's evidentiary rulings.[3] First, Pennock argues that the trial court erred by allowing the District to offer evidence concerning the absence of any previous injuries in the location where she fell. Second, Pennock contends the trial court should not have allowed the District to present evidence that there were alternate routes she could have taken from the parking lot to her seat rather than traversing the grass. Third, Pennock suggests the trial court should have allowed her expert witness to testify that the grassy area where she fell did not comply with regulatory requirements issued by the federal Occupational Health and Safety Administration (OSHA)[4] and under the federal Americans with Disabilities Act of 1990 (ADA).[5] Fourth, Pennock asserts that the trial court should have precluded, as speculative, the testimony of the District's expert witness that Pennock's sandals contributed to her fall, that the grass constituted a reasonable walking surface, and that Pennock was likely hurrying to

---

[2] In an appeal seeking a new trial, "[t]he award of a new trial is proper only where a trial court has committed an error of law or abuse of discretion which may have affected the verdict." *Boyle v. Indep. Lift Truck, Inc*., 6 A.3d 492, 494 (Pa. 2010) (citing *Dep't of Gen. Servs. v. U.S. Mineral Prods. Corp*., 956 A.2d 967, 970 (Pa. 2008); *Harman ex rel. Harman v. Borah*, 756 A.2d 1116, 1122 (Pa. 2000)).

[3] In her statement of errors complained of on appeal, Pennock included a sixth assertion of error concerning the trial court's refusal to allow the use of certain documents and deposition video clips during cross-examinations. *See* Br. of Plaintiff/Appellant, App. at A-25-A-26. However, Pennock did not include this issue in her brief; accordingly, it is waived. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved [in the brief] or is fairly suggested thereby."); *Torres v. Commonwealth*, 228 A.3d 304, 309 (Pa. Cmwlth. 2020) (stating that an issue was waived where it was neither included in the statement of questions involved nor developed in the argument section of the party's brief).

[4] 29 C.F.R. §§ 1910.1-1910.1450.

[5] Pub. L. No. 101-336, 104 Stat. 328 (1990).

3

reach her seat at the time she fell. Fifth, Pennock posits that she should have been allowed to present exhibits to the jury regarding two unrelated cases in which testimony by the District's expert was allegedly precluded as speculative. We address each argument in turn.

## III. Discussion

### A. Evidence of the Absence of Previous Falls

Pennock first argues that the trial court should not have allowed the District to offer evidence that there were no previous injuries in the location where she fell. Pennock attacks this evidence as "unreliable," irrelevant, and prejudicial. Br. of Plaintiff/Appellant at 10-13. However, the trial court determined the proffered evidence was relevant to the issue of whether the District had notice of a defective condition of the grass. R.R. at 2000a. We agree.

Section 343 of the Restatement (Second) of Torts provides:

> A possessor of land is subject to liability for physical harm caused to his invitees[6] by a condition on the land if, but only if, he

---

[6] The Restatement (Second) of Torts defines "invitee" as follows:

> (1) An invitee is either a public invitee or a business visitor.
>
> (2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.
>
> (3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.

Restatement (Second) of Torts § 332 (Am. Law Inst. 1975). In attending her stepdaughter's graduation, Pennock was an invitee of the District. *See Campbell v. Temple Univ.*, 78 Pa. D. & C.

4

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (Am. Law Inst. 1975); *see Brewington v. City of Phila.*, 199 A.3d 348, 355 (Pa. 2018) (applying Section 343 of the Restatement (Second) of Torts as Pennsylvania law). Thus, actual or constructive notice of the alleged defective condition of the property is an essential element of the plaintiff's case. *See Brewington*, 199 A.3d at 355. It is the plaintiff's burden to prove such notice. *See King v. Pittsburgh Water & Sewer Auth.*, 139 A.3d 336, 352 (Pa. Cmwlth. 2016) (observing that because notice of a defective condition was an essential element of plaintiff's claim, she could not recover without proof of notice); *Stevens v. Dep't of Transp.*, 492 A.2d 490, 493 (Pa. Cmwlth. 1985) (plaintiffs could not shift their burden of proving notice of a defective condition onto defendant and thereby require defendant to prove lack of actual notice).

The absence of previous accidents is probative of a defendant's lack of notice of defective conditions. *See, e.g.*, *Dreher v. Williamsport Parking Auth.* (Pa. Cmwlth., No. 1868 C.D. 2011, filed Apr. 26, 2012), slip op. at 9[7] (affirming trial court's finding that plaintiff failed to prove defendant had notice of defect in

---

4th 1, 13-15 (2005), *aff'd without op.*, 903 A.2d 145 (Pa. Cmwlth. 2006) (stating that plaintiff, who tripped and fell while attending graduation on university premises, was an invitee and did not become a trespasser merely by veering slightly off the designated crossing area).

[7] This unreported opinion is cited as persuasive authority pursuant to this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

sidewalk, where defense witnesses consistently testified they had received no prior complaints about the sidewalk's condition); *accord Houston by Houston v. Cent. Bucks Sch. Auth.*, 546 A.2d 1286, 1290 (Pa. Cmwlth. 1988) (noting plaintiff's failure to allege any prior falls by impaired persons that could have put school district on notice that its handicap adaptations to its exit and sidewalk constituted defective conditions requiring correction). Here, the trial court ruled that evidence concerning the absence of previous falls was relevant to the question of whether the District had notice of the presence of the alleged hole. R.R. at 2000a. We discern no error of law or abuse of discretion in that ruling.

In addition, the trial court ruled that evidence of the absence of previous falls was relevant to the question of a causal link between the alleged condition of the grass and Pennock's fall. R.R. at 2000a-01a. We agree.

In her challenge to the trial court's allowance of this evidence, Pennock relies heavily on *Spino v. John S. Tilley Ladder Co.*, 696 A.2d 1169, 1172-73 (Pa. 1997), for the principle that evidence of prior accidents is not admissible. Br. of Plaintiff/Appellant at 11-16. However, *Spino* was a product liability case, not a negligence action. Moreover, our Supreme Court stated in *Spino* that evidence of the absence of prior accidents *was* admissible on the issue of causation.[8] *Spino*, 696 A.2d at 1174. Thus, *Spino* does not support Pennock's position.

---

[8] We acknowledge that evidence may be admissible for one purpose but inadmissible for another. "If the court admits evidence that is admissible against a party or for a purpose – but not against another party or for another purpose – the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly. . . ." Pa.R.E. 105. To the extent that Pennock intends to suggest that the trial court erred in allowing evidence of the absence of previous incidents because it was inadmissible for purposes other than showing lack of notice or causation, Pennock has not asserted that she requested a limiting instruction pursuant to Rule 105 of the Pennsylvania Rules of Evidence.

As for any alleged prejudice to Pennock arising from the trial court's ruling, we acknowledge that even relevant evidence may be precluded if its prejudicial effect outweighs its probative value. *See* Pa.R.E. 403.[9] However, "prejudice" in this context is not merely something harmful to a party's case, but rather, "'a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty in weighing the evidence impartially.'" *Justice v. Lombardo* (Pa. Cmwlth., No. 1439 C.D. 2016, filed Aug. 11, 2020), slip op. at 21 (quoting Pa. R.E. 403, Comment). Pennock has not pointed to any prejudice arising from the trial court's admission of evidence concerning the absence of previous injuries at the site of her fall.

Accordingly, we affirm the trial court's evidentiary ruling on the admissibility of evidence concerning the absence of previous injuries in the area where Pennock fell.[10]

---

[9] Pennsylvania Rule of Evidence 403 provides:

> The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Pa.R.E. 403.

[10] The trial court also opined that any error it might have made in admitting this evidence was harmless, because Pennock submitted ample evidence from which the jury could have found the District was negligent notwithstanding the absence of previous injuries at the site. R.R. at 2001a-02a. Although we are not persuaded by the trial court's analysis in this regard, we conclude any error in the analysis itself is harmless, as there was no error in the trial court's admission of the evidence.

## B. Evidence of an Available Alternate Route

Pennock next asserts that the trial court erred by allowing the District to offer evidence of alternate routes that would have allowed her to walk from the parking lot to her seat without crossing the grass. Br. of Plaintiff/Appellant at 18-20. Pennock suggests the trial court erroneously allowed the District to raise the "choice of ways" doctrine, which provides that a person who voluntarily chooses a risky or dangerous route instead of an alternate safer route is contributorily negligent. *Id.* at 18-19. Pennock argues this doctrine is inapplicable because it requires that the plaintiff be aware of the danger in the chosen route, which was not the case here. *Id.* We discern no merit in this argument.

Pennock's position is premised on a mistaken assumption. The District never sought to raise the choice of ways doctrine. Rather, the District offered evidence of other walking routes to Pennock's seat in order to rebut her contention that she was "compelled" to leave the driveway and walk across the grass as "the only path open to [her]." R.R. at 510a; Supplemental R.R. at R-29; Br. of Appellee at 17-18. The trial court properly admitted the evidence for this purpose.

Further, the trial court posits that even had it erred in admitting this evidence, any error would have been harmless. R.R. at 2006a. Choice of ways is a doctrine of contributory negligence on the part of an injured plaintiff. *See O'Brien v. Martin*, 638 A.2d 247, 249 (Pa. Super. 1994).[11] Here, the jury never reached the issue of Pennock's contributory negligence, because it found the District was not negligent, and that ended the case. *See* R.R. at 1905a. We agree with the trial court that any error in admitting evidence relating to the affirmative defense of

---

[11] Although decisions of the Superior Court are not binding on this Court, they offer persuasive precedent where they concern analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

contributory negligence did not affect the jury's answer to the question of the District's negligence. *See Boyle v. Indep. Lift Truck, Inc.*, 6 A.3d 492, 496 (Pa. 2010) (stating that "where a jury finds no negligence on the part of a defendant, purported error regarding questions of comparative and/or contributory negligence are not prejudicial and cannot serve as a basis for the award of a new trial").

Accordingly, we affirm the trial court's evidentiary ruling on the admissibility of evidence concerning alternate walking routes that were available to Pennock.

## C. Expert Testimony Concerning OSHA and ADA Requirements

Pennock sought to introduce expert testimony at trial regarding safety requirements imposed by OSHA and the ADA, but the trial court rejected such evidence as irrelevant. R.R. at 1998a. Despite a concession by Pennock's expert witness that OSHA and ADA requirements were not applicable to or enforceable against the District, Pennock contends such requirements were nonetheless relevant to the appropriate standard of care to be imposed on the District. Br. of Plaintiff/Appellant at 20. This argument lacks merit.

As the District correctly observes, Pennock's expert did not cite any ADA regulation applicable to grass; in fact, the expert did not cite any specific ADA provision. *See* R.R. at 1999a. The expert likewise failed to explain how a sloped grassy area not designated as a walkway was subject to OSHA or ADA standards. *Id*. We conclude that OSHA and ADA requirements, inasmuch as they were inapplicable, could offer no persuasive evidence concerning the District's standard of care. Accordingly, they were irrelevant and the trial court properly ruled them inadmissible.

9

Further, the District argues that allowing testimony about inapplicable OSHA and ADA requirements would have created unfair prejudice to the District, as such evidence would have suggested an improper basis for the jury's decision or diverted the jury's attention from its duty to weigh the evidence impartially. Br. of Appellee at 26. We agree with the District that it was the trial court's function and duty to weigh the probative value, if any, of such evidence against its prejudicial effect. *See Henerey v. Shadle*, 661 A.2d 439, 444 (Pa. Super. 1995) ("Since such balancing [or probative value and prejudicial effect] is a particular speciality of the trial judge, rulings upon admissibility are committed to the sound discretion of the trial court, and those rulings will not be overturned in the absence of an abuse of discretion.").

The legal authorities cited by Pennock are not applicable here, as they involve situations where the parties were actually subject to OSHA, ADA, or industry standards. *See* Br. of Plaintiff/Appellant at 24 (citing *Birt v. Firstenergy Corp.*, 891 A.2d 1281 (Pa. Super. 2006) (worksite injury to worker); *Dallas v. F.M. Oxford, Inc.*, 552 A.2d 1109 (Pa. Super. 1989) (admitting evidence of elevator manufacturing industry customs and standards as probative of manufacturer's duty to plaintiff injured in elevator); *Wood v. Smith*, 495 A.2d 601 (Pa. Super. 1985) (plaintiff injured by collapse of workplace scaffold); *Brogley v. Chambersburg Eng'g Co.*, 452 A.2d 743 (Pa. Super. 1982) (workplace injury); *McKenzie v. Cost Bros., Inc. v. Dickerson Structural Concrete Corp.*, 409 A.2d 362 (Pa. 1979) (construction worker injured on jobsite)).[12] Pennock cites no authority, and this

---

[12] Pennock also cites *Reynolds v. Stambaugh* (Pa. Super., Nos. 1889 & 1890 MDA 2013, filed February 5, 2015). The Superior Court's Internal Operating Procedures forbid citing unpublished opinions of that court issued prior to May 2, 2019, even as persuasive authority. *See* 210 Pa. Code § 65.37.B; *see also* Pa.R.A.P. 126(b) (stating that non-precedential decisions of the

Court is aware of none, that would support the presentation of evidence of the standard of care that consists of statutory or regulatory requirements of OSHA and the ADA, which are applicable to specific situations, persons, or places, none of which are at issue in this case.

Accordingly, we affirm the trial court's evidentiary ruling on the admissibility of evidence concerning OSHA and ADA requirements.

## D. Expert Testimony Concerning Pennock's Sandals and Likely Haste

At trial, the District presented testimony from an expert on walkways and the effects of footwear on walking. The District's expert opined that Pennock's open-backed slip-on sandals were a contributing factor in her fall. R.R. at 1727a-28a. The expert inferred this from the structure of the footwear and from the undisputed fact that Pennock's sandal came off when she fell. R.R. at 1780a-81a. The District's expert also testified that in his opinion, the grass surface was a reasonable walking surface and did not pose an unreasonable risk. R.R. at 1737a-38a. Pennock challenged the admission of this evidence, arguing the testimony was speculative. The trial court allowed the evidence, and this Court discerns no error or abuse of discretion in its admission. The opinions of the District's expert witness concerning the structure and effect of Pennock's sandals and the reasonableness of the grass as a walking surface were based on facts in evidence and were within the witness's field of expertise.

Pennock also challenged, as speculative, the testimony of the District's expert that Pennock was likely in a hurry to reach her seat and that her haste

---

Superior Court filed after May 1, 2019, may be cited as persuasive). This Court, therefore, will not consider or address *Reynolds*. Litigants are admonished to comply with the appellate courts' internal operating procedures limiting citation of unpublished authorities.

contributed to causing her fall. Br. of Plaintiff/Appellant at 26-27. Pennock correctly observes that there was no fact evidence at trial indicating that she was hurrying when she fell. *Id.* at 26. However, Pennock's argument omits the critical circumstance governing the admissibility of this testimony: it was not educed by the District during the expert's direct testimony, but rather, *by Pennock* during cross-examination of the expert. R.R. at 1792a. Having herself elicited the very testimony she challenges, Pennock is not entitled to relief on appeal.

We further observe that both Pennock's choice of footwear and her alleged haste to reach her seat related solely to her possible contributory negligence. Because the jury did not reach the question of contributory negligence, any error by the trial court in allowing the challenged testimony was harmless. *Boyle*, 6 A.3d at 496-97.

Accordingly, we affirm the trial court's evidentiary ruling on the admissibility of evidence concerning Pennock's footwear, the reasonable condition of the grass, and Pennock's likely haste to reach her seat.

### E. Exhibits Relating to Exclusion of Testimony in Unrelated Cases

Finally, Pennock asserts that the trial court erred in precluding Pennock from presenting trial exhibits relating to the exclusion of testimony from the District's expert witness as speculative in two unrelated cases. Br. of Plaintiff/Appellant at 28-30. Pennock argues the trial court should have allowed her to show that those preclusions of testimony by the District's expert had occurred; according to Pennock, the trial court's ruling disallowing the evidence disregarded the witness's "long history" of having his testimony precluded as speculative. *Id.* at

12

29. We discern no error or abuse of discretion in the trial court's preclusion of Pennock's proposed exhibits.

Pennock's contention lacks merit for several reasons. She does not explain how preclusion of the expert witness's testimony in two cases constituted a "long history" of preclusion in the career of an expert witness who had testified in hundreds of cases. Br. of Plaintiff/Appellant at 29. Further, there was no evidence that the circumstances at issue in the two cited cases were sufficiently analogous to make the preclusion of the expert's testimony in those cases relevant to this case. In addition, one of the two trials was in a New Jersey court, and there was no showing that the applicable rules of evidence governing expert testimony were sufficiently analogous to Pennsylvania's rules of evidence to make the New Jersey court's preclusion order relevant here. *See id.* at 29-30 (citing and discussing *Colletti v. Cnty. of Monmouth*, No. A-5298-05T5, 2007 N.J. Super. Unpub. LEXIS 1489 (N.J. Super. Ct. App. Div. July 20, 2007). Most importantly, Pennock failed to cite any supporting authority for the proposition that the rulings of other courts in unrelated cases were relevant to this case.

Notably, the trial court allowed Pennock to cross-examine the District's expert witness about the preclusions in the other two cases. R.R. at 1706a-10a. The District's expert readily acknowledged that his testimony had been precluded by a court on two prior occasions; thus, that fact was undisputed. *See id.* at 1706a & 1710a-11a. The trial court also allowed Pennock to use an exhibit regarding one of those two cases. *See id.* at 1707a.

The trial court had discretion concerning the extent of cross-examination to allow for purposes of impeaching the District's expert. *See Smith v. Celotex Corp.*, 564 A.2d 209, 213 (Pa. 1989). As the evidence of preclusion was

13

undisputed, the trial court did not abuse its discretion in limiting the presentation of additional evidence on the same issue. *See* Pa.R.E. 403 (providing that a court may exclude needlessly cumulative evidence).

Accordingly, we affirm the trial court's evidentiary ruling on the admissibility of exhibits concerning the preclusion of testimony by the District's expert witness in other, unrelated cases.

## IV. Conclusion

Based on the foregoing discussion, the trial court's judgment is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eileen Pennock,                          :

               Appellant           :

                           :

       v.                     :

                           :   No. 675 C.D. 2021

Kennett Consolidated School District   :

# O R D E R

AND NOW, this 1st day of April, 2022, the judgment of the Court of Common Pleas of Chester County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge