162    45
180    609

# Schrenkeisen et al. *v*. Kishbaugh, Coslett et al., Appellants.

*Appeals in forma pauperis—Extension of time—Stay of proceedings—Arbitration—Practice.*

When the time within which an appeal is required to be entered is fixed by statute, the court has no power to extend that time as a matter of indulgence; but where, before the expiration of the period provided by the statute, a rule is taken for an appeal in forma pauperis, the court has the power to stay all proceedings, including the running of the statutory period of appeal, while the matter is resting sub judice.

On the nineteenth day after the filing of an award of arbitrators, defendant entered a rule to show cause why he should not be allowed an appeal in forma pauperis. About two weeks afterwards the court discharged the rule, but allowed the defendant three days in which to take his appeal after the discharge of the rule. *Held*, that the court had power to make such an order.

*Payment of costs as condition precedent—Act of June 16, 1836.*

While it is necessary, in order to perfect an appeal from an award of arbitrators, that the costs be paid in actual cash, under § 27 of the act of June 16, 1836, P. L. 723, it is not necessary that all of the costs should be paid to the prothonotary. The costs for serving the rule and the suppœnas may be paid directly to the constable.

To hold that there was an inexorable necessity that the money should be paid first to the prothonotary and then by him to the constable, and that a payment directly by the party liable to the party entitled finally to receive it, was not a valid payment, would be putting form in place of substance, and technicality before right. By MR. JUSTICE MITCHELL.

Argued April 9, 1894. Appeal, No. 60, July T., 1893, by defendants, W. B. Kishbaugh et al., trading as W. B. Kishbaugh & Co., and Geo. W. Coslett et al., from order of C. P. Luzerne Co., May T., 1892, No. 197, making absolute rule to strike off appeal from award of arbitrators. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule to strike off appeal from award of arbitrators in replevin.

From the record it appeared that, on March 23, 1892, plaintiffs issued a writ of replevin against defendants, and one of the defendants, George W. Coslett, gave bond and retained the property. Plaintiffs subsequently, after declaration filed, took out a rule of compulsory arbitration and the arbitrators filed their award on Nov. 16, 1892, in favor of plaintiffs. On Dec. 5, 1892, Coslett made an application to the court of common pleas to be allowed to take an appeal in forma pauperis, and a rule was granted. Subsequently the court discharged the rule, making the following order: "Now, Jan. 7, 1892, the rule is discharged and Geo. W. Coslett is allowed three days from this date in which to perfect his appeal." On Jan. 10, 1893, Coslett took an appeal from the award of arbitrators. He paid all the costs to the prothonotary, excepting $8.39, fees of D. J. Gallagher, constable, which were paid directly to the constable. The following receipt for these fees appeared upon the record: "Jan. 10, 1893. Received from Geo. W. Coslett my fees in full for serving 1st rule and subp. D. J. Gallagher."

Plaintiffs took a rule to strike off the appeal.   The court made the rule absolute, in the following opinion, by WOODWARD, J.:

" The rule in this case is made absolute.   See Dall v. Norris, 2 Pa. C. C. R. 666; Morris v. Sickler, 3 Kulp, 167; Walker et al. v. Graham, 74 Pa. 35."

*Error assigned* was above order.

*E. F. McGovern*, for appellant.—The record in this case shows that all the costs were paid as required by § 27 of the act of June 16, 1836, P. L. 723.

In Dall v. Norris, 2 Pa. C. C. R. 666; Morris v. Sickler, 3 Kulp, 167; Walker v. Graham, 74 Pa. 35, the question was whether a check or draft was such a payment of the costs as required by the statute.

The actual payment of the cost is all that is required by the statute to perfect the appeal, and that has been done by appellant: Rice v. Constein, 89 Pa. 479; Fisher v. R. R., 126 Pa. 293.   In Fisher v. R. R., 126 Pa. 293, an appeal was taken from an award of arbitrators and a receipt from one of the witnesses was filed for his fees, and the lower court refused to strike off the award, holding that the actual payment of the costs was all that was necessary to perfect the appeal.

It is not necessary that the record show how the costs were paid, so that it shows the actual payment, and if the record does show the actual payment of the costs the appeal is valid: Rice v. Constein, 89 Pa. 477; Fisher v. R. R., 126 Pa. 293.

*James I. Morris*, *C. F. Bohan* with him, for appellees.—The payment of all costs must be made to the prothonotary: Acts of June 16, 1836, § 27, P. L. 723; April 13, 1846, § 2, P. L. 203; Ellison v. Buckley, 42 Pa. 281; Carr v. McGovern, 66 Pa. 457; Lagen v. Cadwell, 34 Leg. Int. 331; Walker v. Graham, 74 Pa. 35; Myers v. Brown, 38 Leg. Int. 72; Palmer v. Wilkinson, 73 Pa. 339; Schneider v. Gas Coal Co., 1 Penny. 345; Dall v. Norris, 2 Pa. C. C. R. 666.

The cases of Rice v. Constein, 89 Pa. 477, and Fisher v. R. R., 126 Pa. 293, do not support the contention claimed by appellant.

Appeals must be brought within the time allowed by the statute, or the right will be lost : 1 A. & E. Ency. L. 621; 1

T. & H. Pr. § 834; Cherry Twp. v. Marion Twp., 96 Pa. 528; Westmoreland Co. v. Overseers of Conemaugh, 34 Pa. 231; Ward v. Letzkus, 152 Pa. 318; Mayes v. Jacoby, 8 S. & R. 526; Morgan v. R. R., 5 Kulp, 323; Newton v. Hofsomer, 5 Kulp, 420.

*E. F. McGovern,* for appellant, in reply.—It is conceded that the court has power to allow appeals nunc pro tunc in cases of fraud, accident or mistake. If any mistake was made it was by the court. The making of the order to allow appellant to appeal within three days after the discharge of the rule was equivalent to allowing the appeal nunc pro tunc, thus securing to appellant his constitutional right of trial by jury: Clark v. Wallace, 3 P. & W. 441.

OPINION BY MR. JUSTICE MITCHELL, May 23, 1894:

Where a statute fixes the time within which an act must be done, as for example an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc: Ward v. Letzkus, 152 Pa. 318. But where in due and regular course the case comes before the court for its action, whether interlocutory or final, the court has an inherent and necessary power to stay all proceedings, including the running of the statutory period of appeal, while the matter is resting sub judice. Otherwise no motion could be made, or relief in any form asked, without risk that time occupied by the court in necessary deliberation, or in more urgent business, might deprive the party of his rights without fault of his own, and without remedy.

The court therefore was entirely within its jurisdiction in staying proceedings during the pendency of the rule for an appeal without paying costs, and in allowing the defendant three days in which to take his appeal, after the discharge of the rule.

The appeal was entered within the three days allowed, but the court subsequently struck it off. The grounds for such action do not appear except from the brief reference to the cases of Dall v. Norris, 2 Pa. Co. Ct. R. 666; Morris v. Sickler, 3 Kulp, 167; and Walker v. Graham, 74 Pa. 35. These cases

however make it clear that the defect in the appeal, on which the court acted, was the failure to pay the costs to the prothonotary.

It is well settled that the payment of all the taxed costs is a condition precedent to an appeal from an award of arbitrators, and the rule has even been held to extend to a stenographer's fees made part of the costs by agreement of the parties : Schneider v. Coal Co., 98 Pa. 470 ; and it must be actual payment in money. In Ellison v. Buckley, 42 Pa. 281, it was said that for the prothonotary to " substitute his own responsibility for actual cash is contrary to his duty as a public agent," and " each suit should terminate all its own litigation, and not be the cause of others by the substitution of notes or credits for actual cash." It was accordingly held in that case that payment of the admitted part of the costs in cash, and giving a note for the rest which was in dispute, was not sufficient to sustain the appeal. So, charging the costs to the attorney in the case, is not a good payment : Carr v. McGovern, 66 Pa. 457 ; even though the prothonotary be indebted to the attorney in a greater sum : Lagen v. Cadwell, 34 Leg. Int. 331 ; nor payment by draft : Walker v. Graham, 74 Pa. 35.

But none of these cases, nor the reasons on which they are founded, require anything more than actual payment. They sustain the striking off or refusal to allow an appeal, not for a mere technical default, but for a substantial failure of payment. And therefore in Rice v. Constein, 89 Pa. 477, though the case was decided mainly on the ground that the record contained an entry of payment, and it could not be contradicted by extraneous evidence to show that payment had been by check, yet the present Chief Justice rests his opinion also on the additional ground that although the original payment was by check, the check was paid within the twenty days, and thus became an actual payment.

In the present case it does not appear that the payment was not in cash, and it is not therefore directly within the authorities cited. But the objection is raised that payment was not made in full to the prothonotary, but partly to the constable for his own costs for serving rule and subpœnas, and Myers v. Brown, 38 Leg. Int. 72, and Dall v. Norris, 2 Pa. Co. Ct. R. 666, are cited to show that this is not a valid payment. Both

those cases related to witness fees.   In the former, the plaintiff, who was the party appealing, in lieu of part payment in cash, filed receipts of the defendant's witnesses for their fees.   The court below, INGHAM, P. J., held that this was not a good payment, because the costs were adjudged to the defendant, not to the witnesses, who might have been paid (and it appeared had in fact) in advance by the party subpœnaing them, and that to permit the opposite party to step in between and interfere with their arrangements would be unjust and productive of difficulty.   This decision was affirmed per curiam.   Dall v. Norris, supra, one of the cases referred to by the learned judge in the present case, was a decision of the common pleas of York county to the same effect, and founded on Myers v. Brown.

The present case does not come within the principle of any of these decisions.   The costs in question were not adjudged to the party, but to the constable, for services rendered by him to the appellant, for which the plaintiff was in no manner liable. There was no interference with the plaintiff or with any of his rights.   The constable's receipt is upon the record, and is as complete a satisfaction of all demands for that portion of the costs as the receipt of the prothonotary would be.   To hold that there was an inexorable necessity that the money should be paid first to the prothonotary and then by him to the constable, and that a payment directly by the party liable, to the party entitled finally to receive it was not a valid payment, would be putting form in place of substance, and technicality before right.

Judgment reversed and appeal reinstated.