# Wise, Appellant, *v.* Cambridge Springs Borough.

*Workmen's Compensation Law—Workmen's Compensation Board —Appeals.*

1. Where an act of assembly fixes the time within which an act must be done, as for example, an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as an act of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc.

2. Where a party has been prevented from appealing by fraud, or by the wrongful or negligent act of a court official, the court has power to extend the time for taking an appeal; but where no fraud or anything equivalent thereto is shown such appeals cannot be allowed.

3. Under Section 419 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, an appeal from the decision of a referee to the Workmen's Compensation Board is permitted only if taken within ten days after notice of the referee's action has been served upon the parties and where an appeal has not been taken until after such time, the Workmen's Compensation Board has no jurisdiction to allow an appeal nunc pro tunc as of a time prior thereto, and the action of the board upon an appeal so allowed is invalid.

4. If the Workmen's Compensation Board improperly allows an appeal in such case and affirms the decision of the referee, the Common Pleas Court has no jurisdiction, upon appeal from the decision of the Workmen's Compensation Board to reverse the decision of the referee and dismiss the claim.

Argued May 7, 1918. Appeal, No. 93, Jan. T., 1918, by plaintiff, from order of C. P. Crawford Co., May T., 1917, No. 70, reversing decision of Workmen's Compensation Board, affirming referee's finding for plaintiff in case of Elizabeth Wise v. Borough of Cambridge Springs. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Appeal from Workmen's Compensation Board. Before PRATHER, P. J.

The opinion of the Supreme Court states the facts.

The referee awarded plaintiff $2,017.30.

The Workmen's Compensation Board affirmed the decision of the referee. The Court of Common Pleas reversed the decision of the Workmen's Compensation Board and dismissed the claim. Plaintiff appealed.

*Error assigned* was the order of the court.

*Frank J. Thomas,* with him *John A. Northam,* for appellant.—The insurance carrier had no right to appeal from the decision of the Workmen's Compensation Board, particularly in view of the fact that it had never appeared before the referee: Bolden v. Greer et al., 257 Pa. 513; Hughes v. Miller, 192 Pa. 365.

Plaintiff was in no position to take advantage of the erroneous ruling of the board permitting an appeal from the decision of the referee nunc pro tunc, for the reason that the board ruled in favor of the plaintiff: Pittsburgh Wagon Works Est., 204 Pa. 435.

The court had no power to enlarge the time for taking an appeal from the decision of the referee: Singer v. Delaware, Lackawanna & Western R. R. Co., 254 Pa. 502; Schrenkeisen et al. v. Kishbaugh et al., 162 Pa. 45; Ward v. Letzkus, 152 Pa. 318.

*J. Roy Dickie,* with him *Albert L. Thomas, Wm. W. Wishart,* of *Wishart and Dickie.*—The insurance carrier was a party in interest and therefore was properly allowed to appeal: Bolden v. Greer, 257 Pa. St. 513.

OPINION BY MR. CHIEF JUSTICE BROWN, July 17, 1918:

In 1916 Roy Wise was a special policeman in the service of the Borough of Cambridge Springs, this State. On September 21st of that year an automobile filled with passengers was stalled on a railroad crossing over one of the streets of the borough, and, in attempting to push it off, he was struck by a train, sustaining injuries which

resulted in his death.   His widow filed a claim against
the borough before the Workmen's Compensation Board,
and a referee awarded her $2,017.30.   An appeal was
taken from this to the board by the United States Fi-
delity and Guaranty Company, the insurance carrier,
and the award of the referee was affirmed.   From the ac-
tion of the board the insurance carrier and the borough
appealed to the court below, which set aside the award
to the widow, on the ground that her husband was not an
"employee" of the borough within the meaning of the
Workmen's Compensation Act.   On her appeal from the
action of the court below disallowing her claim, she as-
signs several reasons for reversal, but only one need be
considered, as it is conclusive of her right to have the
award of the referee sustained.

The right of appeal to the compensation board from
an award or disallowance of compensation by a referee
is given by Section 419 of the Workmen's Compensation
Act of June 2, 1915, P. L. 736.   If not so allowed it
would not exist, and it is permitted only if taken "within
ten days after notice" of the referee's action.   In this
proceeding the Borough of Cambridge Springs and the
United States Fidelity and Guaranty Company both ap-
peared by their attorneys before the referee in opposi-
tion to the claim of the appellant.   On December 6, 1916,
he filed his award.   On the 30th of the same month—
twenty-four days thereafter—the appeal was taken from
it by the insurance carrier to the compensation board.
On January 24, 1917, when the case was called for hear-
ing before that board, this appellant moved that the ap-
peal be stricken off, because it had not been taken within
the time prescribed by the statute.   This motion was re-
fused by the board in an opinion filed on the 21st of the
following March, the reason assigned for its action being
that it had been "liberal in allowing appeals nunc pro
tunc when it appears that one of the parties in interest
has not had full notice of the findings and award of the
referee."   It is to be noted that the allowance of an ap-

peal from the action of a referee is not one of the functions of the board. It has nothing to do with the allowance of an appeal, which is a matter of right under the statute, if taken in accordance with its provisions. All the board has to do with it is to pass upon it when properly taken. If the board can allow an appeal nunc pro tunc, there would be no limit to the time within which an appeal could be taken, though the act of assembly expressly limits it.

The right of the insurance carrier to appeal after the statutory period had expired was challenged by the widow of the deceased at the very threshold of the proceeding before the compensation board, and even if the board could have allowed the appeal nunc pro tunc, it ought not to have done so in view of the testimony taken before it on the motion to strike off. J. A. Boland, the solicitor of the Borough of Cambridge Springs, testified that he had had charge of the proceeding on behalf of the borough; that at the hearing before the referee, E. J. Stetson, a local attorney, appeared for the United States Fidelity and Guaranty Company, the insurance carrier, and conducted the proceeding for it; that on December 12, 1916, he and the attorney for the insurance carrier received the findings of the referee, and on the 13th or 14th of the same month the said E. J. Stetson came to his office, when he handed him the finding in the matter; that after examining it Stetson handed it back to him; that Stetson, being attorney of record in the case, he considered the notice of the award was properly served on him; that Stetson read the award over and that they discussed the advisability of taking an appeal or any further action in the case. Here is a distinct statement by the borough solicitor, not questioned by the attorney for the insurance carrier, that it had notice through him of the award more than fifteen days before its appeal was taken, and as it was too late to be of any avail, the compensation board was powerless to recognize it. "Where an act of assembly fixes the time within which an act

must be done, as for example an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc": Schrenkeisen et al. v. Kishbaugh, Coslett et al., 162 Pa. 45. In Singer v. Delaware, Lackawanna & Western Railroad Company, 254 Pa. 502, the court allowed an appeal from the report of a board of viewers in condemnation proceedings more than thirty days after it had been filed. A motion by the railroad company to strike it off was refused, and an issue framed, which resulted in a verdict for the plaintiff in three times the sum awarded her by the viewers. On appeal from the judgment entered on the verdict the sole question was as to the power of the court to allow the appeal from the report of viewers more than thirty days after it had been filed. In holding that it possessed no such power, we said, in reversing the judgment in favor of the plaintiff: "The Act of April 9, 1856, P. L. 288, Section 3, provides that, 'upon the report of said viewers, or any four of them, being filed in said court, either party, within thirty days thereafter, may file his, her or their appeal from said report to the said court.' In the present case the thirty days expired on October 17, 1913, while the appeal was not taken until November 8th. In Harris v. Mercur, 202 Pa. 313, this court, speaking by Mr. Justice MESTREZAT, said (p. 317) : 'If we are correct in holding that the Act of April 22, 1874, P. L. 109, required the appellant to file his exceptions within thirty days after he had received notice of the filing of the court's decision, the order of the court below in permitting exceptions to be filed thereafter was without authority and hence without effect or validity. The commands of a statute cannot be waived or dispensed with by a court. They require implicit obedience as well from the court as from its suitors: Jackson ex dem. Bleecker v. Wiseburn, 5 Wend. (N. Y.) 136. "It has

been repeatedly held," says Mr. Sedgwick (Construction of Statutory and Constitutional Law, 277, 2d Ed.), "that courts have no dispensing power, even in matters of practice, when the legislature has spoken. Thus, where a statute declares that a judge at chambers may direct a new trial if application is made within ten days after judgment, it has been said that 'he can no more enlarge the time than he can legislate in any other matter.' When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice." ' Under the Act of 1856, the period of thirty days allowed for taking an appeal from an award of viewers runs from the date of the filing of the report, not from its confirmation: Gwinner v. Lehigh & Del. Water Gap R. R. Co., 55 Pa. 126. Where a party has been prevented from appealing by fraud, or by the wrongful or negligent act of a court official, it has been held that the court has power to extend the time for taking an appeal: Zeigler's Petition, 207 Pa. 131; York County v. Thompson, 212 Pa. 561. But where no fraud or anything equivalent thereto is shown such appeals cannot be allowed: Dunmore Borough School District v. Wahlers, 28 Pa. Superior Ct. 35; Guyer v. Bedford County, 49 Pa. Superior Ct. 60. The mistake or neglect of the attorney for the party desiring to appeal is not sufficient ground for relief: Ward v. Letzkus, 152 Pa. 318, 319."

From the time this appellant protested in limine before the compensation board that the appeal from the award of the referee had been taken too late, it was prosecuted with due notice of its invalidity, and if that board had no jurisdiction of it—and it certainly had not—the court below had none on appeal from its action. For the reason stated, this appeal is sustained and the award of the referee affirmed.