Acme Tire Co. v. Adams Express Co., Appellant.

*Justices of the peace—Judgments—Appeals nunc pro tunc—Insufficient reason.*

A petition for leave to enter an appeal nunc pro tunc from the judgment of a justice of the peace will not be allowed, where the only reason advanced in the petition is that the transcript of the justice of the peace was lost while in the custody of defendant's agents. Such a reason is not sufficient to warrant a court in granting an appeal nunc pro tunc, as it is but an admission of the negligence of the defendant's own employees.

Argued October 29, 1919.  Appeal, No. 81, Oct. T., 1919, by defendant, from the decree of the C. P. Blair County, Oct. T., 1918, No. 148, refusing to allow an appeal nunc pro tunc in the case of Acme Tire Company v. Adams Express Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Petition to allow an appeal from the judgment of the justice of the peace nunc pro tunc.  Before BALDRIGE, P. J.

The opinion of the Superior Court states the case.

The court discharged the rule.  Petitioner appealed.

*Error assigned* was in discharging the rule to allow an appeal nunc pro tunc.

*J. D. Hicks,* and with him *Thomas J. Greevy,* for appellant.

*William L. Pascoe* and *Albert G. Pascoe,* for appellee.

PER CURIAM, February 28, 1920:

The error complained of in this case is the refusal of the court to allow an appeal to be entered nunc pro tunc. A judgment was entered against the defendant after a due hearing, on June 15, 1918. On July 5, 1918, the defendant entered bail and took an appeal, and the transcript of the justice's record was delivered to the defendant's agent at Tyrone, where the justice resided. So far the proceedings can be treated as regular. In the petition for leave to enter the appeal out of time it is alleged, "that the transcript of appeal was forwarded by the agent of the defendant at Tyrone to the office of said company at Altoona to be filed. The transcript was lost or mislaid, and although diligent search has been made it cannot be found, owing to the congested condition of business of defendant at Altoona at that time, it was overlooked and not filed."

The reason given is not sufficient to warrant the court in granting an appeal nunc pro tunc, as it is but an admission of the negligence of its own employees or the inefficiency of its own service in regard to its own business.

The court below relied on Wise v. Cambridge Springs Borough, 262 Pa. 139, and the reasoning of that case, supported by the authorities there cited, fully warranted the conclusion reached.

The judgment is affirmed.