## Klosewicz v. Joseph Barness & Sons, Inc.

*E. Dillwyn Darlington*, for plaintiffs.
*R. Ronald Klasko*, for interpleaded plaintiffs.
*Charles R. Moyer*, for defendant.

BODLEY, *J.*, December 30, 1977 — This matter comes before the court under Local Rule *266 upon motions to quash an appeal from the award of a board of arbitrators.

The original plaintiffs in this action, Mary Lou Kalmar and Louis Kalmar, brought suit on January 27, 1976, against Joseph Barness & Sons, Inc. The Kalmars, sellers of property in which settlement had not been completed, sought recovery of a down payment which Albert L. Klosewicz and Josephine A. Klosewicz, the buyers in the transaction, had paid to Barness, the broker. On April 7, 1976, Barness was permitted to interplead the Klosewiczs. After hearing on April 28, 1977, before a board of arbitrators, the prothonotary, on April 28, 1977, entered an award in the amount of $4,700 against the interpleaded plaintiffs.

On May 16, 1977, counsel for the interpleaded plaintiffs mailed the appeal documents to the

prothonotary by certified mail, return receipt requested. The return receipt card was signed by an employe in the Bucks County Court House mailroom, and dated May 18, 1977, the last permissible day for filing. However, the prothonotary did not time-stamp the papers until May 20, 1977, two days after the expiration of the 20-day statutory time period allowed for appeals from arbitration awards. No explanation was given for the delay.

On June 1, 1977, defendant, Barness, filed a petition for a rule to show cause why the Klosewiczs' appeal should not be quashed for not being timely filed and thereafter the Kalmars filed a similar petition on the same grounds. Depositions have been taken of John S. Stewart, the mailroom employe who signed the receipt card, Benito P. Ventresca, the mailroom supervisor, and William M. Carlin, Jr., Deputy Prothonotary of Bucks County.

The Arbitration Act, approved June 16, 1836, P.L. 715, as amended, 5 P.S. §71, provides, in part:

"Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was entered, under the following rules, regulations and restrictions, viz.:

" . . .

"IV. Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket."

It is undisputed that in the present case, the appeal was not actually entered on the docket until two days after the 20-day appeal period expired. Consequently, we must determine when a late appeal will be permitted. It has generally been held in

this regard that an appeal nunc pro tunc will be allowed only where a party has been prevented from appealing by fraud, or by the wrongful or negligent act of a court official: Klugman v. Gimbel Bros., Inc., 198 Pa. Superior Ct. 268, 182 A. 2d 223 (1962); Wise v. Cambridge Springs Borough, 262 Pa. 139, 104 Atl. 863 (1918). The mistake or neglect of the attorney for the party desiring to appeal is not sufficient ground for relief: Wise, supra.

Turning to the case at hand, we find that the appeal documents actually arrived at the Court House mailrom on May 18, 1977, the 20th and last day of the appeal period, as evidenced by a return receipt card signed by a mailroom employe. We also find from the depositions that as a matter of course, legal papers arriving at the mailroom are docketed in the prothonotary's office on the same day. The unexplained two-day delay between receipt of the appeal documents in the mailroom and docketing by the prothonotary was highly unusual, therefore, and was indicative of error or oversight. In the light of these unusual circumstances, we conclude that the present case falls within the ambit of the general exceptions to the requirement of timely filing.

In upholding the right of the interpleaded plaintiffs to bring their appeal in this case, we, nevertheless, continue to adhere to our position set forth in Morin v. H. & L. Development Co., 25 Bucks 108 (1974), that, as a general rule, an attorney files by mail at his own risk, and must suffer the consequences of postal delays.

Petitioners argue that the present appeal should be quashed on the additional grounds that the appellant did not submit a proper praecipe ordering the case on the trial list at the time of filing, as required by Bucks County Pa.R.C.P. 908(A)(1). We

do not believe that such an oversight by counsel, standing alone, is fatal to the present appeal.

## ORDER

And now, December 30, 1977, the motions to quash the appeal of interpleaded plaintiffs Klosewiczs are overruled and denied.