468 A.2d 462

### In re VACATION OF PORTION OF DORNEY PARK ROAD (FORMERLY L.R. 39028) FROM the ROAD SYSTEM OF SOUTH WHITEHALL TOWNSHIP.

### DORNEY PARK COASTER COMPANY, INC., Appellant,

### v.

### The BOARD OF COMMISSIONERS OF SOUTH WHITEHALL TOWNSHIP, George Whitner and Jane Smith, Appellees.

Supreme Court of Pennsylvania.

Argued Oct. 18, 1983.

Decided Dec. 9, 1983.

Frank L. Newburger, III, LeRoy E. Perper, Philadelphia, E. Keller Kline, Allentown, for appellant.

Blake C. Marles, Allentown, for S. Whitehall Tp.

Wilbur C. Crevling, Jr., Allentown, for appellees.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

Appellant, Dorney Park Coaster Company, Inc., appeals by allowance an order of Commonwealth Court, reversing

Lehigh County Common Pleas and remanding this case to allow appellees, George Whitner and Jane Smith, to proceed *nunc pro tunc* on exceptions to the Board of South White-hall Township Commissioners' report on a township road vacation. Appellees filed their petition to proceed *nunc pro tunc* on April 20, 1979, eleven days beyond the time established in Section 2009 of the First Class Township Code, Act of June 24, 1931, P.L. 1206, as amended May 27, 1949, P.L. 1955 § 43, 53 P.S. § 57009. Because there was neither fraud nor breakdown in the court's operation resulting in prejudice to a party in this case, we reverse the order of Commonwealth Court and affirm the Lehigh County Court of Common Pleas' dismissal of appellees' petition.

Appellant is the operator of an amusement park (Dorney Park). In response to its petition, the Township Commissioners held a duly advertised public meeting on March 14, 1977, to consider the vacation of approximately 770 feet of a township road known as Dorney Park Road. The entire length of Dorney Park Road is 1.7 miles. The portion proposed for vacation bisects the amusement park. Appellant sought vacation of this portion of the road both out of concern for the safety of its patrons and for better protection of its ride equipment against vandalism. The land abutting the portion to be vacated is owned solely by appellant. Appellee Whitner and others who testified against vacation at the March 1977 hearing objected, contending that the remaining road would no longer be a complete thoroughfare.

The board of commissioners held a second duly advertised public meeting on January 8, 1979, at which time they enacted Ordinance No. 294, vacating the indicated portion of Dorney Park Road. This ordinance directed the township engineer to file a report and survey of the street vacated for approval by the board of commissioners and directed the report be subsequently filed in the Office of the Clerk of

Court, in accordance with the applicable statute.[1] The ordinance also directed the township manager to give notice of the ordinance's passage by posting handbills along the line of the vacated street within ten days, as is required by Section 2011 of the Code, 53 P.S. § 57011. Since appellees were in attendance at the January 8, 1979 meeting and have not complained of any failure to comply with Section 2011, we presume that this requirement was, also, properly observed and obeyed. On March 9, 1979, the report was filed in the Office of Clerk of Courts.

Some seven weeks after the enactment of the ordinance, but prior to the filing of the report, appellees met with new legal counsel for the purpose of pursuing their opposition to the road vacation. Their new counsel requested the clerk of courts to notify him when the report was filed. Because of an apparent misunderstanding the clerk failed to do so. Counsel was subsequently advised of the report's filing by someone else, after an April township meeting. Counsel then filed his petition for review *nunc pro tunc* within three days after this advice.

Lehigh County Common Pleas rejected appellees' *nunc pro tunc* petition for review holding it lacked jurisdiction to extend the statutory time for review in the absence of fraud or breakdown of court operations. In a comprehensive opinion, Gardner, J., visiting judge, perceptively reviewed the authorities on this issue. This Court has repeatedly maintained the same position. *Luckenbach v. Luckenbach,* 443 Pa. 417, 281 A.2d 169 (1971); *Commonwealth v. Philadelphia Eagles, Inc.,* 437 Pa. 25, 261 A.2d 309 (1970); *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938); *Wise v. Cambridge Springs Borough,* 262 Pa. 139, 104 A. 863 (1918); *Singer v. Delaware, Lackawanna and Western RR. Co.,* 254 Pa. 502, 98 A. 1059 (1916). Neither basis for a discretionary extension of time is present here. Appellees' counsel's request to the clerk of courts was an individual

---

1. Section 2008 of the First Class Township Code directs the filing of the report with "the clerk of the court of quarter sessions." 53 P.S. § 57008.

request for assistance. It cannot be construed as a breakdown of court operations and neither of the lower courts so construed it.

Commonwealth Court, however, analogized this situation to *Schmidt v. Commonwealth,* 495 Pa. 238, 433 A.2d 456 (1981):

> In *Schmidt* the Board of Finance and Revenue dismissed, as untimely, an appeal from a tax reassessment decision of the state Department of Revenue. The statute in question conferred a right to appeal such a decision to the Board of Finance and Revenue within 60 days after *the date the Department mailed,* to the taxpayer, notice of its reassessment decision. The Department, on March 21, 1978, mailed its decision to the taxpayer; but the accompanying letter of transmittal bore no date. On May 23, 1978, the taxpayer filed his appeal with the Board. That appeal was dismissed for exceeding the 60-day period allowed by the statute.
>
> In *Schmidt* the Supreme Court reversed the dismissal because the Department had not supplied the taxpayer with the *date* the tax decision was mailed, that is, the taxpayer had not been notified of the date of the event that commenced the running of the allowable appeal period. After pointing out that it was reasonable for the legislature to make the 60-day appeal period commence with the date of mailing, the Supreme Court made the following further statement:
>
> > Implicit, however, is the duty of the Department to advise the taxpayer of the date of mailing. Without such notification, a taxpayer can have no reliable basis for knowing the number of days remaining in which to file a petition for review.
>
> *Id.,* 495 Pa. at 241, 433 A.2d at 458.
>
> After observing that knowledge of the mailing date was essential to a taxpayer, the Court in *Schmidt* concluded by holding that the legislature could only have contemplated that the Department would furnish the information

that was crucial to the functioning of the statutory appeal procedure.

*In Re: Vacation of Portion of Dorney Park Road (formerly L.R. 39028) from the Road System of South Whitehall Township,* 68 Pa. Commonwealth Ct. 239, 245–246, 448 A.2d 1198, 1201 (1982) (footnote omitted).

At issue in *Schmidt* was the timeliness of an appeal from a Department of Revenue decision where the time to appeal began only on the date the Department mailed notice of its decision. That statute read:

> Within sixty days after the date of mailing of notice by the department of the decision on any petition for reassessment filed with it, the person against whom such assessment was made may, by petition, request the Board of Finance and Revenue to review such decision.

Act of March 4, 1971, P.L. 6, No. 2, § 234, 72 P.S. § 7234. Thus, we held the legislature intended that the taxpayer be informed of the mailing date in order to exercise this right.

In the present case, the General Assembly has provided for actual notice of the required public hearing to property owners who are affected by the action of a board of township commissioners in opening or vacating a road, but has not required or provided for individualized notice to citizens or freeholders of the township who may object to the action although any one of them may file exceptions and petition for a review of the board's report and conclusions. We have said:

> Where an act of assembly fixes the time within which an act must be done, as for example an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc: *Schrenkeisen et al. v. Kishbaugh, Coslett et al.,* 162 Pa. 45 [29 A. 284].
>
> . . . .
>
> In *Harris v. Mercur,* 202 Pa. 313 [51 A. 969], this court, speaking by Mr. Justice Mestrezat, said: . . .

The commands of a statute cannot be waived or dispensed with by a court. They require implicit obedience as well from the court as from its suitors: (citation omitted). *Wise, supra,* 262 Pa. at 142–143, 104 A. at 864. We have repeatedly affirmed this policy and affirm it again, today. Lehigh County Common Pleas has correctly stated the law in this regard. We, therefore, reverse the order of Commonwealth Court and remand to the Court of Common Pleas for further proceedings consistent with this opinion.

ZAPPALA, J., files a concurring opinion in which NIX and McDERMOTT, JJ., join.

ZAPPALA, Justice, concurring.

I concur in the result.

The issue in this appeal is whether the Appellees should be permitted to file, *nunc pro tunc*, exceptions to a report of the township Board of Commissioners on the vacating of a portion of a road. I do not agree with the Majority's application of the "fraud or breakdown in court operation" analysis to the facts at hand. The statute involved here provides for the filing of exceptions to a report of the Board of Commissioners, and marks the time period for such exceptions from the filing of the report with the clerk of courts. The statute does not, however, require public notice of the date of the filing of the report.

It is clear that all statutory requirements have been complied with here. It is also clear that in other contexts the legislature has imposed by statute a requirement that public notice be given of the date of filing of a report, where the report is subject to exceptions and the time limit for filing the exceptions depends upon that date. *See* 53 P.S. § 56930 repealed, 1978 April 28, P.L. 202, No. 53 § 2(a) [1129], effective June 27, 1980 (eminent domain). The question then is whether due process *requires* that those entitled to file exceptions be given notice that the report has been filed. Because the Appellees asserted no individual property right which is affected by the failure to give notice

of filing the report, I find no basis for determining that the statutory method established by the legislature is infirm.

NIX and McDERMOTT, JJ., join in this concurring opinion.