527 A.2d 627

Merlin D. Kuehner and Suzanne M. Kuehner, his wife, Appellants *v.* John W. Parsons et al., Appellees.

Argued April 21, 1987, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Anthony J. Mantino,* with him, *Ronald J. Karasek, Zito, Martino and Karasek,* for appellants.

*George J. Meng,* with him, *William A. Jones, Sherr, Moses & Zuckerman, P.C.,* and *Joseph A. Holko,* for appellees.

OPINION BY JUDGE DOYLE, June 22, 1987:

Merlin D. Kuehner and Suzanne M. Kuehner (Appellants) appeal from an order of the Court of Common Pleas of Carbon County granting summary judgment in favor of the Township of Lower Towamensing (Township) and its former sewage enforcement officer, John W. Parsons. We affirm.

In the summer of 1983, Appellants sought to purchase an undeveloped lot in the Township for placement of a mobile home. Before buying the lot, they were told by their real estate agent and by Parsons, the Township's sewage enforcement officer at the time, that a standard on-lot septic system would be allowed and that Parsons would issue a permit, *if* one was applied for. Parsons' representations were based on percolation tests he conducted on the property in 1976. No permit, however, was requested by Appellants at this time, and none was issued.

On July 11, 1983, Parsons resigned as sewage enforcement officer for health reasons. Thereafter, in late August 1983, Appellants entered into an agreement of sale for the property, and closed on the property at the end of September. Appellants then sought a septic permit from the Township. The new sewage enforcement

officer, however, told Appellants that the property would have to be retested. When this was completed, the only permit he would issue to Appellants was for a more costly pressurized sand mound system.

Appellants brought suit against the Township, Parsons, the real estate agent and his agency, alleging breach of warranty, negligence, fraud and willful misconduct. The trial court granted summary judgment in favor of the Township and Parsons on all counts because of governmental immunity and because Parsons' conduct as a matter of law did not amount to actual fraud and willful misconduct. Appellants appeal to this Court.[1]

In reviewing a grant of summary judgment, our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Farley v. Township of Upper Darby*, 100 Pa. Commonwealth Ct. 535, 514 A.2d 1023 (1986). Summary judgment is only proper when, after examining the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party clearly establishes that it is entitled to judgment as a matter of law. *Ohio Casualty Group of Insurance Cos. v. Argonaut Insurance Co.*, 92 Pa. Commonwealth Ct. 560, 500 A.2d 191 (1985). Appellants contend that Parsons' representations here amounted to actual fraud and willful misconduct,[2] or at least created an issue of material fact.[3]

---

[1] The agent, Jack Wolfe, and the Bill Rehrig Real Estate Agency were not included in the order granting summary judgment and, therefore, are not parties involved in this appeal.

[2] Appellants' only allegation of willful misconduct on the part of Parsons is that he committed actual fraud. Therefore, for purposes of this appeal, we will treat the two as the same.

[3] Although appealing from the whole of the trial court's order, Appellants only brief and argue the issue of whether Parsons com-

Actual fraud has five elements: there must be (1) a misrepresentation of material fact; (2) scienter; (3) intention by the maker to induce the recipient to act; (4) justifiable reliance by the recipient upon the misrepresentation; and (5) damage to the recipient as a proximate result. *Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa. Superior Ct. 90, 464 A.2d 1243 (1983).

We will affirm the trial court's order as to appellee Parsons because, on the basis of the record before us, we fail to see how Appellants could satisfy the first element of actual fraud, *i.e.*, misrepresentation of a material fact. Appellants allege that Parsons made the following representations: 1) that, based on percolation tests conducted by him in 1976, the property was suitable for a standard septic system; and 2) that, *if* Appellants applied for a permit for such system, Parsons, acting in his capacity as sewage enforcement officer, would issue it. These representations by Parsons, viewed in the light most favorable to Appellants, simply do not amount to misrepresentations. The issuance of a sewer permit obviously is an act involving some discretion on the part of the sewage enforcement officer. Parsons' representations as to the suitability of Appellants' property for a standard septic system, and his willingness to issue a permit for the system when and if applied for, were acts within his discretion and judgment. Appellants adduced no evidence to support their contention that the property at the time of the representations was not suitable for a standard septic system, or that Parsons would not exercise his discretion to grant a permit. Bald allegations

---

mitted actual fraud or willful misconduct in making his representations to Appellants. Therefore, appellants have waived review of the other parts of the trial court's order, *see* Pa. R.A.P. 2116(a), 2119, and thus we will confine our opinion to whether summary judgment on the issue of actual fraud and willful misconduct was correct.

that representations were false or misleading, without more, are insufficient to create an issue of material fact so as to preclude summary judgment. *Cf. Estate of Gallagher*, 485 Pa. 62, 400 A.2d 1312 (1979). Accordingly, the trial court properly granted summary judgment in favor of Parsons.

As to the Township, it is clear that it is immune from liability even if Parsons committed actual fraud and willful misconduct. Townships cannot be held liable for the tortious conduct of their employees unless the conduct falls within one of the eight exceptions enumerated in 42 Pa. C. S.§8542(b). *Faiella v. Bartoles,* 102 Pa. Commonwealth Ct. 258, 517 A.2d 1019 (1986). Here, Appellants allege actual fraud and willful misconduct on the part of Parsons. The statute, however, clearly states that fraud and willful misconduct are excluded from the exceptions to immunity. 42 Pa. C. S. §8542(a)(2). Therefore, the Township itself could not be held liable, regardless of whether Parsons' representations equalled actual fraud and willful misconduct. *See Acker v. Spangler,* 92 Pa. Commonwealth Ct. 616, 500 A.2d 206 (1985) (no exception to general immunity of local agencies exists for willful tortious acts of employees). Accordingly, the trial court correctly granted summary judgment in favor of the Township.

Affirmed.

ORDER

Now, June 22, 1987, the order of the Court of Common Pleas of Carbon County, No. 84-0911 dated June 17, 1986, is affirmed.