565 A.2d 848

**Alice HOY, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 8, 1989.

Decided Nov. 2, 1989.

Reargument Denied Jan. 12, 1990.

354

Richard J. Mennies, Sherr & Zuckerman, P.C., Norristown, for appellant.

Felix P. Gonzalez, Philadelphia, for appellee.

Before DOYLE and PALLADINO, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Alice Hoy (Appellant) has appealed from an order of the Court of Common Pleas of Delaware County granting a motion for summary judgment filed by Southeastern Pennsylvania Transportation Authority (SEPTA). The trial court's grant of summary judgment was based upon Appellant's failure to comply with the six months' notice provision of 42 Pa.C.S. § 5522. For the reasons set forth herein, we hereby vacate the trial court's order and remand the matter to that court for further findings of fact.

On January 11, 1985, while disembarking from a SEPTA train, Appellant slipped on some snow located on one of the train's steps. While attempting to establish a foothold and prevent herself from falling, Appellant felt a pull and a pain in her right shoulder. On Saturday, January 12, 1985,

Appellant sought medical assistance for her injury at a hospital. At the hospital, Appellant was advised by a doctor that she had a torn right biceps muscle. Shortly thereafter, Appellant consulted her personal physician who advised her that her injury would heal in time. When her injury failed to improve, she was referred to an orthopedist. On March 11, 1986, an ortho CAT scan revealed a torn ligament in her right shoulder rotator. On May 12, 1986, surgery was performed to correct this problem.

In August 1986, Appellant sought legal advice regarding a possible cause of action against SEPTA. On August 15, 1986, Appellant's attorney notified SEPTA of the accident by mail and suggested that they forward a copy of the letter to their insurance carrier. On January 6, 1987, a summons naming SEPTA as defendant was filed and on March 16, 1987, Appellant filed a complaint in negligence. SEPTA subsequently filed a motion for summary judgment alleging that Appellant failed to comply with the notice requirement set forth in 42 Pa.C.S. § 5522. The trial court granted SEPTA's motion for summary judgment and this appeal followed.

Appellant does not contest the fact that she failed to provide notice to SEPTA within the requisite time frame. Rather, Appellant argues that the trial court committed two errors: first, in finding that she did not have a reasonable excuse for failing to provide this notice to SEPTA; and second, in failing to consider whether SEPTA was prejudiced by the failure to receive notice. We will address these issues keeping in mind that when reviewing a trial court's order granting summary judgment, our scope of review is confined to a determination of whether the trial court committed an error of law or an abuse of discretion. *Kuehner v. Parsons*, 107 Pa. Commonwealth Ct. 61, 527 A.2d 627 (1987).

The statute in question, 42 Pa.C.S. § 5522(a), provides in pertinent part:

(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who

is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit, and if the action is against a Commonwealth agency for damages, then also file in the Office of the Attorney General, a statement in writing, ...

(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against a government unit more than six months after the date of injury shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. *The court shall excuse non-compliance with this requirement upon a showing of reasonable excuse for failure to file such statement.* (Emphasis added.)

42 Pa.C.S. §§ 5522(a)(1) and (2).

 Thus, if a reasonable excuse exists for failure to comply with the notice requirement, then a court may excuse the non-compliance and allow a party to proceed with a cause of action. *Graffigna v. City of Philadelphia,* 98 Pa. Commonwealth Ct. 624, 512 A.2d 91 (1986).[1]

Appellant argues that she had a reasonable excuse for failing to provide the notice for two reasons. First of all, she did not want to institute litigation against SEPTA for what she believed, based upon the advice of her physicians, to be a relatively minor injury. In other words, she was ignorant as to the extent of the actual damage.

Secondly, she had no knowledge of the notice requirement. Despite this additional ignorance, Appellant did cause SEPTA to be notified of the injury within six months

---

**1.** In *Graffigna,* this Court concluded that SEPTA was a local authority. However, our Supreme Court subsequently held in *Feingold v. Southeastern Pennsylvania Transportation Authority,* 512 Pa. 567, 517 A.2d 1270 (1986) that SEPTA was a Commonwealth agency and not a local authority.

of her learning that the damage was more serious than her physicians had initially diagnosed.

In a 1989 case, this Court held that ignorance of the law and an inability to understand the same, in the absence of prejudice to the government unit, constituted reasonable excuse for failure to provide notice. *Ramon v. Department of Transportation*, 124 Pa. Commonwealth Ct. 416, 556 A.2d 919 (1989). The case involved non-native appellants, who neither spoke nor comprehended English.

The *Ramon* case is highly analogous to this case in that two types of ignorance co-exist. In addition to being ignorant of the law, appellant was also ignorant as to the severity of her injury. Based on this Court's ruling in *Ramon*, we find that Appellant has satisfied the first aspect of demonstrating a reasonable excuse for failure to comply with the notice requirement.

Appellant's second contention is that the trial court erred in failing to consider whether or not SEPTA suffered prejudice as a result of not having received notice within the statutorily prescribed time.

According to a seminal case by the Pennsylvania Supreme Court in this area of the law, "[w]here the *ignorance* of a claimant ... *is coupled with* a determination that *no undue hardship* resulted to the municipality from the failure to file a claim within the six month period, then a 'reasonable excuse' has been established...." *Yurechko v. County of Allegheny*, 430 Pa. 325, 331–32, 243 A.2d 372, 376–77 (1968) (emphasis added). The emphasized portion of this language indicates that the absence of prejudice is an element to be considered in determining whether a plaintiff has established a reasonable excuse.

In *Ramon*, this Court held that *Yurechko* is the controlling law in cases where a plaintiff has failed to provide the required notice, and then asserts that a reasonable excuse existed so as to fall under the last sentence of subsection (a)(2) of the statute. *Ramon*, 124 Pa. Commonwealth Ct. at

424, 556 A.2d at 923. Therefore, we adopt the reasoning of *Yurechko* and *Ramon*.

The case relied upon by SEPTA to support the proposition that prejudice is not an element under the statute, *Graffigna*, is readily distinguishable from this case. While it is certainly true, as *Graffigna* holds, that there is no mention of prejudice in the statute, the plaintiff in that case made no reasonable excuse argument. Also, a showing of no undue prejudice as a result of untimely notice has since been recognized as a common law element of the reasonable excuse determination. *See Ramon.*

Because we find that the trial court has committed an error of law, we vacate the trial court's order granting summary judgment and remand the matter to that court for further proceedings.

## ORDER

AND NOW, this 2nd day of November, 1989, we hereby vacate the order of the Court of Common Pleas of Delaware County granting summary judgment and remand the matter to that court for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

PALLADINO, Judge, dissenting.

I must respectfully dissent. The majority's interpretation of the reasonable excuse provision contained in the six month notice requirement of 42 Pa.C.S. § 5522 is contrary to the law of this commonwealth, *Ramon* [1] and *Yurechko* [2] notwithstanding.

In the case of *In re Vacation of Portion of Dorney Park,* 503 Pa. 67, 468 A.2d 462 (1983), the supreme court upheld a trial court's refusal to permit a nunc pro tunc

---

1. *Ramon v. Department of Transportation,* 124 Pa. Commonwealth Ct. 416, 556 A.2d 919 (1989).
2. *Yurechko v. County of Allegheny,* 430 Pa. 325, 243 A.2d 372 (1968).

appeal which was filed eleven days after the established time for filing the appeal, holding that:

> Where an act of assembly fixes the time within which an act must be done, as for example an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc. . . .

*Id.*, 503 Pa. at 72, 468 A.2d 465 (citation omitted) (quoting *Wise v. Cambridge Springs Borough*, 262 Pa. 139, 142–143, 104 A. 863, 864 (1918)). "The commands of a statute *cannot* be waived or dispensed with by a court." *Wise*, 262 Pa. at 143, 104 A. at 864 (emphasis added). This is the effect of the majority opinion; it waives the six month notice requirement.

The statute in question in this case is clear and unambiguous: failure to meet the six month requirement is excused only upon "a showing of reasonable excuse". When this court first addressed this section we held that "a government unit need not show that it was prejudiced by lack of timely notice. *The statute imports no such requirement.*" *Graffigna v. City of Philadelphia*, 98 Pa. Commonwealth Ct. 624, 630, 512 A.2d 91, 94 (1986) (emphasis added). The majority's interpretation eviscerates the six month notice requirement. Under the majority's view all a petitioner needs to show is lack of knowledge of the notice requirement, and then the burden shifts to the government entity to show prejudice, a factor which this court has previously said is not required. I can see no reason for holding that ignorance alone is a sufficient reason to excuse compliance with a statutory mandate. If mere ignorance were sufficient, the legislature would have worded the statute differently.

Furthermore, the majority's reliance on *Yurechko* and *Ramon* is misplaced. *Yurechko* was not interpreting the statute in question, but rather the Act of July 1, 1937, P.L. 2547, *formerly* 53 P.S. § 5301, repealed by the Act of April

28, 1978, P.L. 202. This statute was applicable only to municipalities, not commonwealth agencies. In addition, *Yurechko* was decided during that period of time when the courts were slowly chipping away at the judicial doctrine of governmental immunity, but had not yet abrogated the doctrine completely. *See Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973). After the supreme court abolished both governmental and sovereign immunity, *Ayala; Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978), the legislature in this state took action to reaffirm the doctrines of immunity which had existed as judicial doctrines and established limited causes of action against the commonwealth and municipalities. *See* 42 Pa.C.S. §§ 8501–8564. The courts of this state have repeatedly held that the statute holding commonwealth parties and municipalities liable for torts is an exception to the absolute rule of immunity and must be strictly construed, in favor of the governmental party. *See Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987); *Gallagher v. Bureau of Correction,* 118 Pa. Commonwealth Ct. 516, 545 A.2d 981 (1988); *Davidow v. Anderson,* 83 Pa. Commonwealth Ct. 86, 476 A.2d 998 (1984). The six month filing requirement, being part of the act reestablishing sovereign immunity, must also be strictly construed. Applying the holding and reasoning of *Yurechko* to the case now before the court is an application of a case out of context, and constitutes a failure of the majority to abide by the mandate of this court and the supreme court to strictly construe the exceptions to the absolute rule of sovereign immunity.

*Ramon* is also inapplicable to this case. *Ramon* is limited to those instances where there is *both ignorance of the law and the inability to understand the law.* In the present case the Appellant has, at most, only shown an ignorance of the law. Appellant has not shown that English is not her native language, or that her intelligence is such that the plain words of the statute are incomprehensi-

ble. Accordingly, the necessary factors for the application of *Ramon* are not present.

Accordingly, I would affirm the order of the trial court.