570 A.2d 633

**The BOROUGH OF MALVERN, Appellant,**

**v.**

**K.R.I. CORPORATION and C.N. Agnew, Jr., Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1989.

Decided Feb. 22, 1990.

Holly L. Setzler, with her, Anthony Marc Hopkins and W. Robert Landis, W. Robert Landis Associates,.P.C., for appellant.

Louis J. Colagreco, Jr., with him, Thomas A. Riley, Jr., and John A. Jaros, Jr., Riley Law Associates, Ltd., for appellees.

Before BARRY, COLINS (P.), and SMITH, JJ.

COLINS, Judge.

The Borough of Malvern (appellant) appeals an order of the Court of Common Pleas of Chester County which awarded K.R.I. Corporation (appellee) $22,115.00, plus simple interest at the rate of 6% per annum. We affirm.

On September 7, 1971, the appellant adopted Ordinance No. 187, which created an OA District. An OA District allows for the construction of apartments and office buildings. The appellee was granted a building permit on September 21, 1971, for the construction of a 408–unit apartment complex. Appellee paid a fee of $22,115.00 for this permit. Shortly, thereafter, an appeal was filed by a number of residents of the Borough alleging that the adoption of zoning Ordinance No. 187 was procedurally infirm. On October 12, 1971, a supersedeas was entered by the trial court prohibiting any development under Ordinance No. 187.

To correct the defects in the adoption of Ordinance No. 187, the appellant adopted Ordinance Nos. 190 and 191. Ordinance No. 190 re-established an OA District while Ordinance No. 191 reduced the total area of the OA District. The appellee then applied for a second building permit, this time, under the Ordinance No. 190. The fee for this permit was only $14,800.00 because Ordinance No. 191 reduced the area of the OA District, thus, limiting the number of apartments the appellee could construct. Also, at this time, Mr. Agnew, the appellee's president, inquired about a refund for the first permit. Mr. Agnew was informed by the permit officer that a refund would have to be approved by the Borough Council.

The composition of the appellant's Borough council changed during the next election resulting in the majority of council now being opposed to the rezoning which allowed for apartment construction. Consequently, the new council adopted a resolution repealing the three ordinances which established the OA District.

Appellee appealed the adoption of this resolution. Furthermore, the residents who had initially opposed the adoption of Ordinance No. 187 withdrew their opposition to Ordinance No. 187, but still continued to oppose Ordinance Nos. 190 and 191. This Court in *Borough of Malvern v. Agnew*, 11 Pa.Commonwealth Ct. 285, 314 A.2d 52 (1973), affirmed the decision of the Court of Common Pleas of

Chester County which held that the adoption of Ordinance Nos. 190 and 191 was proper.

Appellee's counsel then requested a ruling from the appellant's Borough council regarding a refund of the $22,-115.00 paid for the first permit. The appellant refused to issue a refund and the appellee instituted suit by summons on September 3, 1977. This litigation was inactive until August 29, 1980, when appellee requested an extension for filing a certificate of readiness for trial. The parties then agreed to continue the refund litigation until after a civil rights action instituted by appellee was resolved. The civil rights matter was resolved in favor of the appellant, and the permit refund litigation proceeded before the trial court.

The appellant filed a motion for summary judgment asserting that the appellee had failed to assert its claim for a refund within a two-year period as required by Section 1 of the Act of May 21, 1943, P.L. 349, *as amended*, 72 P.S. § 5566b (Act). The appellee opposed this motion alleging that this section was not applicable. The trial court agreed with the appellant and on January 7, 1987, ruled that Section 1 of the Act was a statute of limitations intended to control the instant litigation. Nevertheless, the trial court ruled that the appellee could still seek a refund under the theory of equitable estoppel.

On December 8, 1988, the trial court changed its prior ruling and held that Section 1 of the Act was not a statute of limitations but was a notification statute. The trial court also found that, starting in December of 1971, the appellee had made repeated requests for a refund and was assured that a refund would be forthcoming. Additionally, the trial court held that the appellant eventually notified the appellee that no refund would be forthcoming in December of 1976, and this litigation was instituted within two years of that date.

The ultimate conclusion reached by the trial court was that the appellant was obligated to refund the $22,115.00,

plus statutory interest at the rate of 6%,[1] from December 22, 1971, the date on which the appellee's representative first inquired about a refund from the building permit officer. The appellant's post-trial motions were denied on February 17, 1989, and this appeal followed.

Section 1 of the Act states:

> Whenever any person or corporation of this Commonwealth has paid or caused to be paid, or hereafter pays or causes to be paid, into the treasury of any political subdivision, directly or indirectly, voluntarily or under protest, any taxes of any sort, license fees, penalties, fines or any other moneys to which the political subdivision is not legally entitled; then, in such cases, the proper authorities of the political subdivision, upon the filing with them of a written and verified claim for the refund of the payment, are hereby directed to make, out of budgeted appropriations of public funds, refund of such taxes, license fees, penalties, fines or other moneys to which the political subdivision is not legally entitled. Refunds of said moneys shall not be paid, unless a written claim therefor is filed, with the political subdivision involved, within three years of payment thereof.[2]

72 P.S. § 5566b(a).

The appellant argues that the two-year time limit of former Section § 5566 is a statute of limitations and not a statute of notification and relies upon *Township of Ridley v. Ridley Arms, Inc.*, 90 Pa.Commonwealth Ct. 143, 494 A.2d 870 (1985), to support this position. In *Ridley*, an apartment complex sought a refund of the trash collection fees it paid Ridley Township because it was required to use a private trash removal firm. Appellant suggests that *Ridley* mandates that this two-year time provision must be strictly complied with because the apartment owner was not

---

1. Section 806.1 of the Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. § 806.1.

2. This section was amended on December 17, 1986, effective July 1, 1987, extending the time period in which to file a claim from two years to three years. However, for our purposes, the two-year time period applies.

entitled to a refund when he did not file a claim under the Act within two years. However, in *Ridley*, we did not employ the statute in the disposition of the case.

■ Appellee, on the other hand, contends that this section operates to notify a municipality that a claim may be pending against it, as in *Landis v. City of Philadelphia*, 245 Pa.Superior Ct. 514, 369 A.2d 746 (1977) and *Dubin v. Southeastern Transportation Authority*, 219 Pa.Superior Ct. 476, 281 A.2d 711 (1971), and not as a statute of limitations. We agree. This Court has dealt with many cases concerning the notice requirements before an action against a municipality can be instituted and we have repeatedly held that absent a showing of prejudice on the part of the municipality, a party's failure to notify the municipality of a cause of action within a statutory time frame will not be a bar to such action. *See generally Hoy v. Southeastern Pennsylvania Transportation Authority*, 129 Pa. Commonwealth Ct. 353, 565 A.2d 848 (1989).

Moreover, the appellant was well aware that a refund was being sought. The notes of testimony reflect, and the trial court found, that appellant's Borough manager knew back in 1971 that appellee had requested a refund. Also, various other members of the Borough council testified that they were aware of the appellee's claim for a refund. All of the findings are well documented in the record. Therefore, we, as well as the trial court, the Honorable Leonard Sugarman, are "unalterably convinced that Agnew, as a reasonable man having the repeated assurances from the Borough manager that Agnew would be repaid the permit fee ... would indeed be lulled into a false sense of security and delay filing a formal claim with the Borough or filing suit to recover the permit fee." (Trial court opinion at 29–30).

■ In the alternative, the appellant contends that the trial court erred when it found that it was estopped from raising the two-year limitation period as a bar to appellee's action, because the pleadings contain no averment of estop-

pel or fraud as required by Pa.R.C.P. No. 1019(b). A review of the complaint and reply to new matter reveal that the appellant has pled estoppel. Equitable estoppel is a matter of fundamental fairness whose purpose is to prevent a party from assuming a position to another's disadvantage inconsistent with a previously taken position which induced the other party to believe that certain facts existed and, in such case, the party is estopped from denying its repudiating acts. *Big Beaver Falls Area School District v. Cucinelli*, 112 Pa.Commonwealth Ct. 341, 535 A.2d 1205 (1988). Again, the record is replete with instances of the appellant's awareness of the appellee's pending claim. Furthermore, this argument is totally inconsistent with the action of appellant's representatives who assured appellee a refund would be coming.

The appellant next contends that the appellee was unwise in having relied upon the representations made by the appellant's officials. In essence, appellant is arguing that the individuals that the appellee had contact with lacked the authority to issue a refund. This argument is meritless. The appellee's representative spoke to the Borough council president and numerous other officials who were responsible for appropriations and expenditures.

Lastly, the appellant argues that to be entitled to statutory interest, Ordinance No. 187 must have first been ruled invalid and Ordinance No. 187 was never ruled invalid, nor challenged in court. This ordinance, however, was revoked, thereby entitling appellee to a refund of its permit fee. Additionally, this argument was not raised under Pa.R.C.P. No. 227.1 in the form of a post-trial motion so is, therefore, waived.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 22nd day of February, 1990, the order of the Court of Common Pleas of Chester County in the above-captioned matter is affirmed.