602 A.2d 399

**Mildred DEVICH and George Kisak, Appellants,**

**v.**

**BOROUGH OF BRADDOCK, a municipal corporation and Council of Borough of Braddock, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1991.

Decided Jan. 7, 1992.

M. Lawrence Shields, III, for appellants.

John A. Bacharach, for appellees.

Before McGINLEY and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Before us is an appeal by Mildred Devich and George Kisak (collectively, Appellants) from the order of the Court of Common Pleas of Allegheny County, dated December 14, 1990, which determined that the action taken by the Borough Council of the Borough of Braddock (Council) in declaring vacant Appellants' offices as council members was not invalid under the Sunshine Act.[1]

The only question before us, as stated in Appellants' brief, is:

WHERE TWO (2) "SPECIAL MEETINGS" OF AN AGENCY HAD BEEN SCHEDULED TO BE HELD (ONE OF WHICH WAS FOR GENERAL PURPOSES AND HAD BEEN PUBLICLY ADVERTISED AS SUCH AND THE OTHER ONE OF WHICH WAS A HEARING FOR A SPECIAL PURPOSE THAT HAD NEVER BEEN PUBLICLY ADVERTISED), DID THE LOWER COURT ERR IN CONCLUDING, AS A MATTER OF LAW, THAT SECTION 9(a) OF THE SUNSHINE ACT WAS NOT VIOLATED SINCE THE HEARING HAD BEEN HELD DURING OR AT THE TIME SPECIFIED FOR THE SPECIAL MEETING FOR GENERAL PURPOSES?

The facts, as herein relevant, are that a hearing was scheduled for December 29, 1989 at 7:30 p.m. to be conducted by Council for the purpose of determining whether

1. Act of July 3, 1986, P.L. 388, *as amended,* 65 P.S. §§ 271–286.

Appellants' offices as Council members should be declared vacant by reason of Appellants' having been absent from two successive regular meetings of Council. On or about December 14, 1989, a letter was sent to each Appellant advising them of the hearing. A special meeting for general purposes was also scheduled for December 29, 1989. An advertisement was placed in the Pittsburgh Press newspaper on December 22, 1989, as follows:

THERE will be a special meeting of the Braddock Borough Council on Friday, December 29, 1989 at 7:00 P.M., prevailing time for general purposes.

On December 29, 1989, Council convened and began the hearing at approximately 7:16 p.m. Appellants did not appear in person but appeared by counsel. Counsel for Appellants objected to the holding of the hearing and challenged the adequacy of the public notice under the Sunshine Act (Act). Council rejected their objections. Appellants' counsel did not participate in the hearing. After the close of testimony, a motion was made and seconded to declare Appellants' council seats vacant and a roll call vote was taken, resulting in four ayes and one abstention.

Appellants thereafter filed a Civil Complaint in equity seeking to invalidate their removal from Council by reason of noncompliance with the Act. Appellants alleged that no public notice in accordance with the Act was given.[2] Council filed an Answer denying that it violated the Act; by New Matter it alleged that proper notice of the hearing was given, and a copy of the advertisement was attached. Thereafter, both parties filed Motions for Summary Judgment. Appellants averred that Section 9(a) of the Act, 65 P.S. § 279(a)[3] was violated. Council averred that the notice requirement was satisfied. The trial court held oral argu-

2. Appellants also alleged that Council violated the Act by meeting privately for deliberations prior to taking the public vote to remove Appellants. Since this appeal involves only the issue of notice, we will not set forth the details of that part of the Complaint and Council's Answer thereto.

3. Section 9(a) sets forth the public notice requirements and will be discussed forthwith in the opinion.

ment and considered briefs which were submitted by the parties.

By opinion and order issued December 14, 1990, the trial court determined:

1. The Court finds, determines and declares that the December 29, 1989 hearing of the Council of the Borough of Braddock, wherein Council declared vacant the offices of Council Members Mildred Devich and George Kisak, was not held in violation of the "public notice" provisions of the Sunshine Act [53 [sic] P.S. Section 279(a).]

. . . . .

3. The Court finds, determines and declares that the official action taken by Council, i.e., declaring vacant plaintiffs' offices as members of Council, is not invalid under the Sunshine Act.[4]

(Opinion, p. 9; R.R., p. 77a.)  (Footnote added.)

■■■■  Appellants argue that the trial court erred in not finding a violation of Section 9(a) of the Act.[5]  That section provides, in relevant part:

An agency shall give public notice of each special meeting or each rescheduled regular or special meeting at least 24 hours in advance of the time of the convening of the meeting specified in the notice.

Appellants contend that two special meetings were held on the evening of December 29, 1989 and that the Act requires public notice to be given of "each special meeting."  Since the published notice given on December 22, 1989 specified only a "special meeting ... for general purposes" and made no mention of the hearing, Appellants argue, the holding of

4.  The trial court also found that Council violated the "open meetings" provision of the Act, 65 P.S. § 274, when it held an executive session for private deliberations prior to taking the vote, but the trial court determined that since all official action was taken publicly, there was no basis upon which to invalidate Council's decision.

5.  When reviewing the grant of summary judgment, our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Kuehner v. Parsons,* 107 Pa.Commonwealth Ct. 61, 527 A.2d 627 (1987) *allocatur denied,* 517 Pa. 626, 538 A.2d 879 (1988).

the hearing violated the notice requirement of Section 9(a) and was therefore invalid.

We reject Appellants' argument and agree with the trial court's interpretation of the notice requirement of Section 9(a), as follows:

The advertisement in the Pittsburgh Press on December 22, 1989 satisfied the public notice requirements of the Act. The Act does not require that the notice to be published in a newspaper of general circulation contain a statement of the purpose of the meeting or a description of the business to be conducted at the meeting. The public policy that the Act is intended to protect is the right of the citizens of the Commonwealth "to have notice of and the right to attend all meetings of agencies at which any agency business is discussed or acted upon ..." 65 P.S. Section 272(b). While there may be other legal requirements regarding the form and specificity of notice contained in other statutes or ordinances, the Sunshine Act's notice requirements are minimal and were complied with in this case. It is irrelevant that the hearing was scheduled for 7:30 p.m. and a "special meeting for general purposes" scheduled for 7:00 p.m. The public was legally and effectively put on notice that public business would be conducted by Council on December 29, 1990 [sic] beginning at 7:00 p.m. A separate notice of the hearing was not required by the Act.
(Opinion, pp. 4–5; R.R. pp. 72a–73a.)

There being no error of law or abuse of discretion, we affirm the order of the trial court.

## ORDER

AND NOW, this 7th day of January, 1992, the order of the Court of Common Pleas of Allegheny County, dated December 14, 1990, is affirmed.