613 A.2d 147

**Charles T. ASKEW, Luzerne County Commissioners and County of Luzerne, Petitioners,**

**v.**

**Mark CRUCIANI and Jacqueline B. Cruciani, Co–Administrators of the Estate of Baby Cruciani, Deceased, Respondents.**

Commonwealth Court of Pennsylvania.

Argued April 9, 1992.

Decided July 23, 1992.

James J. Wilson, for petitioners.

Matthew A. Cartwright, for respondents.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

COLINS, Judge.

This is an appeal brought by Charles T. Askew, Luzerne County Commissioners and the County of Luzerne, (collectively, appellants), from an order of the Court of Common Pleas of Lackawanna County (Common Pleas) denying appellants' motion for summary judgment as it related to the wrongful death and survival action brought on behalf of Baby Cruciani, deceased, by parents Mark Cruciani and Jacqueline B. Cruciani (appellees).

On July 19, 1988, appellee Jacqueline Cruciani was involved in a motor vehicle accident with a school bus owned by

Luzerne County Commissioners and the County of Luzerne, and driven by Charles Askew. At the time of the accident, Jacqueline Cruciani was pregnant with twins and alleged that as a result of the accident, one of the ten week old twin fetuses died.

On September 6, 1989, appellees commenced a negligence action against appellants who, on November 2, 1989, filed an answer and new matter to appellees' complaint, averring that Baby Cruciani was a non-viable fetus at the time of the accident. Appellees filed a reply on December 7, 1989 and an amended complaint on June 25, 1990.

Subsequently, on November 13, 1990, appellants filed a motion for summary judgment on the grounds that, pursuant to Pennsylvania law, a non-viable fetus has no cause of action for wrongful death and survival. By order and opinion dated September 6, 1991, Common Pleas denied appellants' motion for summary judgment. Upon appellants' request, on October 24, 1991, Common Pleas amended its order to provide for immediate appeal pursuant to 42 Pa.C.S. § 702.[1] On November 15, 1991, appellants filed a petition for permission to appeal the October 24, 1991 order with this Court, which petition the Court granted on December 6, 1991, thereby giving rise to the present appeal.

■■ The issue before us is whether Common Pleas erred in finding that appellants failed to meet the burden of proof necessary for the granting of a summary judgment motion. In this regard, our scope of review is limited to determining whether Common Pleas committed an error of law or abused its discretion. *Kuehner v. Parsons*, 107 Pa.Commonwealth Ct.

---

1. 42 Pa.C.S. § 702(b) provides in pertinent part:
 **(b) Interlocutory appeals by permission.**—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

61, 527 A.2d 627 (1987), *petition for allowance of appeal denied,* 517 Pa. 626, 538 A.2d 879 (1988).

Appellants argue that Common Pleas erred in denying its motion for summary judgment, because under Pennsylvania law, a non-viable fetus has no cause of action for wrongful death or survival. In support of this argument, appellants maintain that although neither this Court nor the Supreme Court has yet clearly decided the foregoing issue, the Superior Court has held unequivocally that wrongful death and survival actions cannot be asserted on behalf of a non-viable fetus. *Coveleski v. Bubnis,* 391 Pa.Superior Ct. 409, 571 A.2d 433, *petition for allowance of appeal granted,* 525 Pa. 656, 582 A.2d 323 (1990); *Hudak v. Georgy,* 390 Pa.Superior Ct. 14, 567 A.2d 1095 (1989), *petition for allowance of appeal granted,* 525 Pa. 600, 575 A.2d 566 (1990).[2] Appellants further contend that because the issue of whether causes of action instituted on behalf of a non-viable fetus exist has not been resolved by either the Commonwealth or the Supreme Court, it was incumbent upon Common Pleas to defer to the foregoing Superior Court decisions. Therefore, appellants maintain that Common Pleas clearly erred in finding "that it is far from clear as a matter of law that a non-viable fetus has no cause of action in Pennsylvania."

Admittedly, resolution of the foregoing issue has consistently proven problematic for the courts. We, however, must distinguish the factual scenario presented herein of a ten week old fetus from that found in most of the precedent relied on by appellees, particularly *Amadio v. Levin,* 509 Pa. 199, 501 A.2d 1085 (1985), in which a full-term, matured female child was stillborn at delivery. In reaching its decision regarding the stillborn's right of recovery in a wrongful death action, the Supreme Court, in *Amadio,* abandoned the distinction between live and still birth, stating that "it makes no difference in liability under the wrongful death and survival statutes whether the child dies of the injuries just prior to or

**2.** As of the writing of this opinion, the Supreme Court has not yet rendered a decision in either the *Coveleski* or the *Hudak* case pending before it.

just after birth." 509 Pa. at 204, 501 A.2d at 1087. It must be noted that the *Amadio* decision was rendered within the context of a full term pregnancy and does not, by extension, necessarily encompass an under three month old fetus' right to recover in such actions. In this respect, we concur with the Superior Court's reasoning in *Coveleski* that held:

> Viability is that 'stage of prenatal development at which the fetus would be capable of independent existence if removed from its mother's womb, and it has often been noted that a fetus ordinarily becomes viable during the sixth or seventh month of its mother's pregnancy.' Annot., Right to Maintain Action or to Recover Damages for Death of Unborn Child, 84 A.L.R.3d 411, 432 n. 72 (1978). In support of its decision to allow a separate cause of action on behalf of a viable fetus, the Amadio court recognized that difficulties of proof are not necessarily greater where fetal death occurs shortly before birth than where death occurs shortly after birth. However, even those advocating a cause of action from the moment of conception must acknowledge that problems of proof become more difficult with lesser periods of gestation. *Scott v. Kopp,* supra 494 Pa. [487] at 496, 431 A.2d [959] at 964 [1981] (Dissenting Opinion by Larsen, J.). Where the wrongful death and survival statutes are not explicit regarding the rights of an unborn child, it is sound statutory interpretation to limit the right to assert such an action to a viable fetus. Before viability, any determination of damages for death of the fetus would be entirely speculative.

*Coveleski,* 391 Pa.Superior Ct. at 413–14, 571 A.2d at 435.

■ In the present case, compensatory damages for the alleged harm to the mother, occasioned by the death of the fetus, can be properly claimed in an action by appellees in their own right. To extend this cause of action to their ten week old fetus, as appellees attempt to do, raises issues more properly considered by the legislature, not the courts, with respect to broadening the scope of who can rightfully bring a wrongful death and survival action.

402

Accordingly, for the foregoing reasons, the order of Common Pleas is reversed, this matter is remanded to Common Pleas, and said court is directed to grant appellants' motion for summary judgment.

## ORDER

AND NOW, this 23rd day of July, 1992, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is reversed, this matter is remanded to the Court of Common Pleas of Lackawanna County, and said court is directed to grant the Motion for Summary Judgment filed by petitioners.